**FILED**

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

KEVIN MYLES, #18374-016
Rivers Correctional Institution
PO Box 630
v. Winton, NC 27986

Plaintiff,

v.

STEVEN POLIN,

Defendant.

: : : : : : : : : :

C

Case: 1:08-cv-00117
Assigned To : Bates, John D.
Assign. Date : 1/22/2008
Description: Pro Se General Civil

COMPLAINT AND JURY DEMAND

The Plaintiff, Kevin Myles(hereinafter "Myles"), hereby

alleges as follows, on information and belief, against Defendant

Steven Polin (herinafter "Polin"):

I. PARTIES

1.    The Plaintiff, Kevin Myles ("Myles"), is a citizen

and resident of the State of Maryland and New York, with a last

address of 1752 Addison Rd. South, District Hights, Maryland,

and with a future domicile in the State of New York. Myles

is currently incarcerated at the Rivers Correctional Institution,

Fed Reg. No. 18374-016, located at 145 Parker Fishery Road,

P.O. Box 630, Winton, North Carolina 27986, and was represented

by Defendant Steven Polin ("Polin") in proceedinsg in the Superior

Court for the District of Columbia before The Honorable Robert R.

Rigsby, Case No. 2005 FEL 1381.

2.    The Defendant, Steven Polin ("Polin"), is a citizen

and resident of the District of Columbia, with an office at

3034 Tennyson Street, NW, Washington, DC 20015, and represented

the Plaintiff as described more fully in paragraph 1 above.

II.   JURISDICTION

**RECEIVED** This Court has subject matter jurisdiction pursuant to

JAN 0 2 2008

28 U.S.C. §1332(a)(1), as the parties are citizens of different

States, and the amount in controversy exceeds $75,000, exclusive of costs.

4.    Venue is proper pursuant to 28 U.S.C. §1391, as a substantial part of the events or omission occurred in the District of Columbia.

III.  STATEMENT OF FACTS

5.    Proximate to the date of March 9, 2005, the Plaintiff was convicted by a plea of guilty to Counts E and F of an indictment charging, inter alia, "ATT Distribution of Cocaine" and "ATT Possession W/I To Dist/Cocaine." The case was assigned Superior Court of the District of Columbia Docket No. F1381-05, before The Honorable Robert R. Rigsby. At all times relevant to this Complaint, defendant Polin was counsel of record to the Plaintiff.  (A copy of the Judgment In A Criminal Case for the above is attached hereto as Exhibit A.)

6.    Proximate to the date of August 18, 2005, the Plaintiff was sentenced before The Honorable Robert R. Rigsby to a term of incarceration of 25 months in jail as to each count,  to run consecutive, and 5 years Supervised Release. However, the Judge, also urged counsel to file a Motion for Reconsideration "sooner rather than later." The Court also noted that Attorney Polin had only 120 days to file the said motion, and urged Attorney Polin to file it in the next 30 days. To date, Attorney Polin has not responded to any of the Plaintiff's letters inquiring as to why he did not do what the Court asked of him, and has not filed any motion with the Court despite advising the Court at the time of sentencing, as follows: "I can take a hint today, Your Honor." (A copy of the sentencing Transcript is attached hereto as Exhibit B.)

7.    As a result of the Defendants' conduct, attorney malpractice, the Plaintiff is now subject to a 75 month sentence, total, and had

Defendant Polin actually filed the Motion for Reconsideration, urged by the Court, and acknowledged by Defendant Polin at sentencing, there is a high probability, that Plaintiff Myles would have received a substantially lower sentence and would not have missed the statutory deadlines (i.e., 120 days from date of sentencing).

8.    Proximate to the date of October 5, 2007, The Office of Bar Counsel for the District of Columbia, 515 5th Street NW, Building A, Room 117, Washington, DC 20001, through its Deputy Bar Counsel, Elizabeth A. Herman, advised that a Disciplinary Inquiry, pursuant to the Plaintiff's request was commenced and assigned Docket Number 2007-D357. The said proceeding continues to be pending at this time.

9.    In the the interim, the Plaintiff has moved the criminal sentencing court for relief under D.C. Code §23-110 (2001), however, has not received any ruling to date, and has been advised by other attorneys that were it not for the conduct of my previous attorney, Defendant Polin, I would not continue to be locked up, given the substantial amount of time that Mr. Polin has allowed to elapse, and his lack of truthfulness to the Court (i.e., telling the Court, Rigsby, J. that a Motion for Reconsideration would be filed, and that he could take hint), and his lack of truthfulness to the Plaintiff, the Plaintiff's remedies at law have substantially eroded, and will serve at least two  years more than the sentence the Court was considering imposing had Defendant Polin simply done his job as he said he would to both the Plaintiff and the Court during the sentencing proceedings as indicated in the Sentencing Transcript (See Exhibit B).

10.    For the foregoing reasons, the Plaintiff has been damaged by the Defendant's reckless, negligent, unethical conduct, and seeks damages in the amount of $5,000,000.00 and other relief as stated below.

-3-

## IV. PRAYERS FOR RELIEF

### ( ATTORNEY MALPRACTICE )

### COUNT ONE

11.    The Plaintiff hereby repeates and realleges each and every allegation set forth in paragraphs 1 through 11, above, as if fully set forth herein.

12.    As a result of the Plaintiff's engagement of the professional and legal services of the Defendant Polin, there existed an attorney-client relationship.

13.    The Defendant's conduct as more fully described supra, constitute a pattern of wrongful acts and omissions.

14.    The Defendant is currently the subject of an investigation by the Office of the Bar Counsel.

15.    The Defendant's conduct was negligent, reckless, and unethical, as evidenced by his conduct and lack of action since the aforementioned sentencing hearing as he has completely cut off communication    despite a renewed letter from the Court dated December 20, 2006. (A copy of the said letter is attached hereto as Exhibit C.)

16.    As a result of the foregoing, the Plaintiff has been damaged in the amount of at least $5,000,000 or such other amount to be determined at trial.

WHEREFORE, the premises considered, the Plaintiff respectfully prays for relief and judgment, against Defendant Polin, as follows:

1.    Awarding the Plaintiff compensatory and incidental damages in the amount of at least $5,000,000 or such other amount to be determined at trial against Defendant Polin;

2.    Awarding the Plaintiff actual damages of at least $5,000,000 or such  other amount to be determined at trial against Defendant Polin;

-4-

3.    Awarding the Plaintiff exemplary, punitive, and special damages to the extent of the Plaintiff's entitlement thereto under applicable laws;

4.    Appoint counsel for the Pro Se Plaintiff, who is proceeding in forma pauperis, to prosecute this action;

5.    Awarding the Plaintiff all costs and disbursements incurred in the prosecution of this act on including without limitation, all attorneys fees and expenses;

6.    Awarding the Plaintiff such other and further relief, both legal and equitable, as the Court, in its discretion, may deem just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure the Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: 11-20-07

Respectfully submitted,
Kevin Antonio Myles, Pro Se


Kevin Myles  18374-016
Kevin A. Myles
Reg. No. 18374-016
Rivers Correctional Inst.
P.O. Box 630
Winton, NC 27986
(252) 358-5200 Tel.

**E X H I B I T   A**

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
V.

KEVIN MYLES

JUDGMENT IN A CRIMINAL CASE

Case Number: F1381-05
PDID No.  347-080

## THE DEFENDANT:

☒ ENTERED A PLEA OF GUILTY TO COUNT (S) E AND F

☐ WAS FOUND GUILTY ON COUNT (S) _____
AFTER A PLEA OF NOT GUILTY.

| Count | Nature of Charges | Title & Section | Date of Offen |
|---|---|---|---|
| Count E | ATT DISTRIBUTION COCAINE | 48.904.01 | 03-09-05 |
| Count F | ATT POSSESSION W/I TO DIST/COCAINE | 48.904 | 03-09-05 |

## SENTENCE OF THE COURT

E AND F - 25 MONTHS IN JAIL AS TO EACH COUNT, 5 YEARS SUPERVISED RELEASE.

☒ The defendant is hereby committed to the custody of the Attorney General to be imprisoned for a total term of:

50 MONTHS _____ ☐ MANDATORY MINIMUM term of _____ applies.

☒ Upon release from imprisonment, the defendant shall be on supervised release for a term of    5 YEARS

☐ The Court makes the following recommendations to the Bureau of Prisons:

☐ The Defendant is also ordered placed on probation - See page 2 of this order for conditions of probation

Costs in the ~~amount~~ ............

August 18, 2005
Date

Judge

ROBERT R. RIGSBY, Associate Judge
Name and Title of Judicial Officer

A TRUE COPY
TEST: 9-305
Certification by Clerk pursuant to Criminal Rule 32(d)
Clerk, Superior Court of the
District of Columbia

August 18, 2005
Date

WILLIE BULLOCK
Deputy Clerk

By _____
Deputy Clerk

08 0117

FILED

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
V.

**KEVIN MYLES**

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  F-3386-04
PDID No.   347-080

## THE DEFENDANT:

☒ ENTERED A PLEA OF GUILTY TO COUNT (S) D

☐ WAS FOUND GUILTY ON COUNT (S)
AFTER A PLEA OF NOT GUILTY.

| Count | Nature of Charges | Title & Section | Date of Offense |
|---|---|---|---|
| Count D | Attempt Possession W/I To Distribute/Heroin | 48 904.01 (a) | May 27,2004 |

## SENTENCE OF THE COURT

25 Months in Jail, 5 Years Supervised Release. Sentence to run consecutively to any other sentence.

☒ The defendant is hereby committed to the custody of the Attorney General to be imprisoned for a total term of:
**25 Months in Jail**   ☐ MANDATORY MINIMUM term of_____applies.

☒ Upon release from imprisonment, the defendant shall be on supervised release for a term of   **5 Years**

☐ The Court makes the following recommendations to the Bureau of Prisons:

☐ The Defendant is also ordered placed on probation. See page 2 of this order for conditions of probation

Cost~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**August 18, 2005**
Date

Judge

A TRUE COPY
TEST: 8-24-05

Certification by Clerk pursuant to Criminal Rule 32(d)

**August 18, 2005**
Date Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk

ROBERT R. RIGSBY, Associate Judge
Name and Title of Judicial Officer

WILLIE BULLOCK
Deputy Clerk

tial entry. The Court stressed in *Prince* that Congress's intent in criminalizing each step leading to a robbery was to punish, and punish severely, the person who embarks upon a robbery but is frustrated before completion. Congress did not intend to make "drastic changes in authorized punishments." *Id.* at 328, 77 S.Ct. at 407, 1 L.Ed.2d 370. The Court went on to state:

We hold, therefore, that when Congress made either robbery or an entry for that purpose a crime it intended that the maximum punishment for robbery should remain at 20 years, but that, even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for 20 years for entering with the felonious intent.

*Id.* at 329, 77 S.Ct. at 407, 1 L.Ed.2d 370 (footnote omitted). The Court remanded for resentencing.

The Supreme Court followed *Prince* in *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976). There the Court, citing *Prince*, left standing only one of multiple sentences imposed in a prosecution for component offenses of bank robbery. *Gaddis*, 424 U.S. at 549 n. 12, 96 S.Ct. 1023 n. 12, 47 L.Ed.2d 222.

In this case, as in *Prince*, the defendant committed and was charged and convicted of two criminalized steps of one transaction. We conclude that the Supreme Court's reasoning in *Prince* should apply, and the district court should have imposed only one punishment.

Our conclusion that *Prince* should apply and that the defendant may be subjected to only one punishment is supported by the Drug Act decisions in analogous situations. All six of the circuits that have considered multiple sentences for a distribution of a controlled substance and the possession of that substance with intent to distribute have viewed the *Prince* rationale as the controlling authority. All, including our own, have held that where a single act of distribution forms the basis for both the charge of distribution and the charge of possession with intent to distribute, the

government may prosecute and the defendant may be found guilty of both charges, but the court may impose only one sentence. *United States v. Oropeza*, 564 F.2d 316 (9th Cir.1977), *cert. denied*, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978); *United States v. Gomez*, 593 F.2d 210 (3d Cir.) (en banc), *cert. denied*, 441 U.S. 948, 99 S.Ct. 2172, 60 L.Ed.2d 1052 (1979); *United States v. Hernandez*, 591 F.2d 1019 (5th Cir.1979) (en banc); *United States v. Olivas*, 558 F.2d 1366 (10th Cir.), *cert. denied*, 434 U.S. 866, 98 S.Ct. 203, 54 L.Ed.2d 142 (1977); *United States v. Stevens*, 521 F.2d 334 (6th Cir.1975); *United States v. Curry*, 512 F.2d 1299 (4th Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed.2d 50 (1975); *United States v. Atkinson*, 512 F.2d 1235 (4th Cir.1975).

Following the Supreme Court's interpretation in *Prince* of the Federal Bank Robbery Act, the dominant theme in all of these federal Courts of Appeals' decisions under the Drug Act is a simple one: when more than one offense arises under § 841(a)(1) from a single criminal undertaking involving drugs, and each offense is committed at virtually the same time, in the same place, and with the same participants, the punishments should not be compounded. Thus, in *Gomez*, the Third Circuit declared that "sentences cannot be imposed for both the offense of distribution and the offense of possession with intent to distribute when both are charged and proved to have taken place at the same time." 593 F.2d at 217. The Sixth Circuit, in *Stevens*, emphasized that it was the single act of distribution that gave rise to prosecution for both the distribution and the possession with intent to distribute. 521 F.2d at 337. The Tenth Circuit in *Olivas* is in accord, 558 F.2d at 1368, and our own opinion in *Oropeza* stressed that "[t]he circumstantial evidence on which their possession convictions rest was identical to the evidence supporting their distribution convictions." 564 F.2d at 324. The same theme sounds with equal clarity in this case.

[3] This case, however, factually differs in one respect from the other cases of multiple prosecution for distribution and possession with intent. Here, the charge of distribution is based on the distribution of the sample, and the charge of possession is based on the possession of the remainder with intent to make the immediate sale. However, the meeting with the agent, the giving of the sample and the possession of the remainder were all directed toward consummation of one criminal undertaking. Since the possession and the distribution occurred at the same time, in the same place, and with the involvement of the same participants, there should, as in the other cases, be only one punishment.

[4] We stress that the delivery of a sample may well be a separately punishable offense in different circumstances. For example, an individual on the street corner who hands a sample to a passerby and who possesses the remainder with the intent to distribute it to others should receive multiple punishments, just as an individual should be punished if he makes distributions, sample or otherwise, to two different individuals as part of two separate transactions. Insofar as *Mehrmanesh* held that one involved in an ultimate distribution is always separately punishable for a preceding sample distribution, however, it is overruled. The general rule under § 841(a)(1) is, consistent with *Prince*, that where the defendant is convicted of multiple criminal steps leading to the same criminal undertaking, only one punishment should be imposed.

Permitting separate punishments in the present case could lead to potentially ludicrous results. Government agents, for example, could ask for repeated samples, and turn one intended delivery into a theoretically infinite number of crimes, each punishable with a maximum of fifteen years. Such results were not intended under a statute criminalizing the various steps involved in one criminal undertaking. *See Prince*, 352 U.S. at 328, 77 S.Ct. at 406–07, 1 L.Ed.2d 370. The defendant in this case, therefore, should not receive multiple punishments for steps in what in fact amounted to one frustrated delivery of drugs.

### Manner of Sentencing

Since we hold that the district court should impose only one sentence based upon two offenses, we should give some guidance on the sentencing process in cases involving component offenses under the Drug Act. A problem could arise, for example, if the district court imposed a sentence on one count and dismissed the other at the time of sentencing or even earlier. The defendant then would escape punishment altogether if the sentenced count were subsequently reversed on appeal or collateral attack.

The State of California has given great attention to this and related problems which may arise in connection with the imposition of single punishments when a defendant has been found guilty of multiple offenses. California has enacted a statute which requires that a single punishment be imposed in every situation in which "[a]n act or omission ... is made punishable in different ways by different provisions of [the criminal] code...." Cal. Penal Code § 654 (West 1970 & Supp.1984). Because of the vast array of situations to which this statute might apply, *see generally* 2 B. Witkin, California Crimes §§ 948–964 (1963 & Supp.1983), California has adopted a rule to ensure that the defendant receives an appropriate sentence. Rule 449 of California Rules of Court provides that the execution of sentence on all but one count be stayed pending appeal, with the stay becoming permanent when the sentence not stayed is completed. The rule is derived from the decision of the California Court of Appeal in *People v. Niles*, 227 Cal.App.2d 749, 39 Cal.Rptr. 11 (1964), where the reasons for it are fully explained.

The California experience is instructive where, as here, implementation of congressional intent calls for imposition of one punishment in the context of two offenses. Staying execution of sentence on one count



**E X H I B I T    B**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

```
- - - - - - - - - - - - - - x
                            :
UNITED STATES OF AMERICA     :    Docket Number:  2005 FEL
                            :                      1381
          vs.                :
                            :
KEVIN MYLES,                 :
                            :
          Defendant.         :
                            :    Thursday, August 18,
- - - - - - - - - - - - - - x     2005
                                  Washington, D.C.
```

The above-entitled action came on for a hearing

before the Honorable ROBERT R. RIGSBY, Associate Judge, in

Courtroom Number 316, commencing at 12:06 a.m.


APPEARANCES:

On Behalf of the Government:

OAKHURST ZWIHEEN, Esquire
Assistant United States Attorney

On Behalf of the Defendant:

STEVEN POLIN, Esquire
Washington, D.C.


08 0117

FILED

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Deposition Services, Inc.**
6245 Executive Boulevard
Rockville, MD 20852
Tel: (301) 881-3344  Fax: (301) 881-3338
info@DepositionServices.com  www.DepositionServices.com

Alr

|    |                                                                  |
|----|------------------------------------------------------------------|
| 1  | P R O C E E D I N G S                                            |
| 2  | DEPUTY CLERK:  Calling United States versus                     |
| 3  | Kevin Myles, case F1381-05.                                      |
| 4  | THE COURT:  Parties for the record please.                      |
| 5  | MR. ZWIHEEN:  Oakhurst Zwiheen (phonetic sp.)                   |
| 6  | for the United States, Your Honor.                              |
| 7  | THE COURT:  Mr. Zwiheen, good morning.                          |
| 8  | MR. POLIN:  Steven Polin for Kevin Myles who's                  |
| 9  | in the dock, Your Honor.                                         |
| 10 | THE COURT:  Mr. Polin, good morning.  Mr. Myles,                |
| 11 | Chris?                                                            |
| 12 | (Pause.)                                                         |
| 13 | THE COURT:  Mr. Miles, good morning.                            |
| 14 | MR. MYLES:  Good morning, Mr. Rig.                               |
| 15 | THE COURT:  Okay, Mr. Polin, have you had an                    |
| 16 | opportunity to review the pre-sentencing report?                |
| 17 | MR. POLIN:  Yes, we have, Your Honor.                           |
| 18 | THE COURT:  Any corrections, objections, or                     |
| 19 | deletions?                                                        |
| 20 | MR. POLIN:  No, Your Honor.                                      |
| 21 | THE COURT:  Are you prepared for sentencing?                    |
| 22 | MR. POLIN:  We are, Your Honor.                                 |
| 23 | THE COURT:  I'll hear first from Mr. Zwiheen,                   |
| 24 | and then from you, Mr. Polin, and then from you, Mr.            |
| 25 | Myles.                                                            |

2

Alr

1    MR. ZWIHEEN:  Your Honor, we would actually

2  concur with the recommendation, I'd actually concur with

3  the recommendation that was provided by Robert Lymeheimer

4  (phonetic sp.) in this pre-trial services report.  He

5  actually provided a rather lengthy, recommendation for a

6  lengthy period of incarceration.  And he bases that

7  request based upon the nature of these particular

8  offenses.  We note for the Court that he not only has one,

9  but two, but three drug-related, drug dealing, rather,

10  offenses in this particular case.

11        Also, this is not the first time that the

12  defendant has been involved with the criminal justice

13  system.  In fact, he has nearly a 20-year history of

14  offenses relating to drug dealing, just to name highlights

15  here would be a 1993 conviction for distribution of

16  cocaine, a 1988 conviction for possession with intent to

17  distribute cocaine, as well as a 1986 conviction for

18  possession with intent to distribute PCP.

19        Also, we note that apparently the defendant's

20  failed to appear in this particular case, the F3386-04 and

21  there's other drug dealing offenses while he was actually

22  under the fugitive status.  For those reasons, we think

23  that probation is simply inappropriate and that a period

24  of incarceration, in fact a rather lengthy period of

25  incarceration, is appropriate at this time.

3

Alr

1    THE COURT:  Very well.  Mr. Polin, you pled to
2  attempted possession with the intent to distribute heroin?
3    MR. POLIN:  Yes.
4    THE COURT:  Attempted distribution of cocaine,
5  and attempted possession with the intent to distribute
6  cocaine.
7    MR. POLIN:  Correct.
8    THE COURT:  Okay.  Mr. Polin?
9    MR. POLIN:  Your Honor, Kevin Myles as the
10  Government pointed out, has a lengthy history
11  (indiscernible) of rubbing the criminal justice system,
12  mainly revolving around drug offenses.  And the plain and
13  simple facts of the matter is, Your Honor, you're looking
14  at an individual who is a lifelong drug addict.  All his
15  criminal activity was related to supporting his drug
16  habit.  He sold drugs to support his habit.
17    As they say in Narcotics Anonymous, you live to
18  use and use to live.  Mr. Myles is now at a place in his
19  life where he's sick and tired of being sick and tired,
20  and sick and tired of coming into the courtroom through
21  the back door and wearing orange.  He wants help.  He
22  wants the Court, regardless of what type of sentence the
23  Court imposes, to put one condition on him, that is that
24  he get drug treatment.  Some sort of drug program.  That's
25  what he wants.

4

Alr

1    He understands that he broke the law.  He
2    understands that it, on the face of it, this looks like an
3    individual who was running amok in the community, and to a
4    certain extent, it's true.  But that's the nature of drug
5    addiction, Your Honor.  Drug addicts do what they have to
6    do in order to support their habits in order to live.  And
7    that's all they're thinking is revolving around, about, is
8    themselves and their drug and feeding their habit and
9    doing whatever is necessary to continue that without
10   regard to anybody else in the community.
11       Now that Mr. Myles has been held pending,
12   without bond, pending the disposition of this case, he's
13   had ample opportunity to think.  And I've talked to him,
14   and I've talked to his family.  He wants help.  And part
15   of the, and part of this calculus of him wanting help,
16   Your Honor, is the fact that he entered into an early plea
17   in this matter.  He wanted to take responsibility, he
18   wanted to place himself in your hands, Your Honor, and
19   take advantage of the resources that are now available in
20   the criminal justice system in terms of dealing with
21   individuals who have a substance abuse problem.
22       What we're asking for, Your Honor, is because
23   this was an early plea, that whatever sentence that you
24   fashion, that you run the counts concurrent.  Mr. Myles is
25   expecting that the Court will give him some period of

Alr

1    incarceration.  Basically what we're asking you to do,

2    Your Honor, is to split the baby on the guidelines.  To

3    run all those counts concurrent, maybe, hopefully, even

4    fashion a split sentence.  But nevertheless what Mr. Myles

5    wants, first and foremost out of this is help.

6              THE COURT:  Thank you, Mr. Polin.  Mr. Myles, is

7    there anything you'd like to say, sir, before I sentence

8    you?

9              MR. MYLES:  Yes, Mr. Rigsby.  First and

10   foremost, I'd like to apologize to the Court for me being

11   here.  And basically Mr. Polin said it.  (Indiscernible)

12   everything that I basically I need to have for my

13   addiction.  Hopefully, you know, I know I won't be able to

14   make that mistake no more, this time, next time around.

15   You know.  You won't have to worry about seeing me no

16   more.  I'm retired from drugs, hopefully.

17                              **SENTENCING**

18             THE COURT:  Okay.  The Court's heard the

19   argument from both sides, the prosecutor and defense.  The

20   Court's heard, Mr. Myles, your statement.  The Court's

21   reviewed your rather lengthy history, criminal history.

22   And the Court will sentence you as follows, sir.

23             With respect to the attempted possession with

24   the intent to distribute heroin, this Court will sentence

25   you to 25 months in jail.  You'll be, you'll pay $100

6

Alr

1   dollars to the victims of violent crimes compensation

2   fund.  You'll be placed on five years of supervised

3   release where you'll be drug tested and treated as

4   appropriate.  You'll receive mental health treatment, and

5   you're ordered to stay away from the 18th and H Place

6   Northeast.

7           With respect to the attempted distribution of

8   cocaine, this Court will sentence you to 25 months in

9   jail.  You'll pay $100 dollars to the victims of violent

10  crimes compensation fund.  You'll be placed on five years

11  of supervised release where you'll be ordered to stay away

12  from 18th and H Places Northeast.  You'll be drug tested

13  and treated as appropriate.  You'll receive mental health

14  treatment.

15          And with the attempted possession with the

16  intent to distribute cocaine, this Court will sentence you

17  to 25 months in jail, you'll be placed on $100 dollars,

18  I'm sorry, you'll have to pay $100 dollars to the victims

19  of violent crimes compensation fund.  You'll be placed on

20  five years of supervised release where you'll be ordered

21  to stay away from 18th and H Places Northeast.  You'll be

22  drug tested and treated as appropriate.  You'll receive

23  mental health treatment.

24          This is a consecutive sentence, sir.  You will

25  serve this time in jail.  Do you understand your sentence?

7

Alr

1      MR. MYLES:  Yes, sir.  Yes, Your Honor.

2      THE COURT:  Okay.  Mr. Polin?

3      MR. POLIN:  75 months, Your Honor?

4      THE COURT:  Yes.  Yes.

5      MR. POLIN:  And the Court doesn't take --

6 doesn't want to enter into the calculus the fact that this

7 was an early plea and give him some benefit of that?

8      THE COURT:  Well, let me tell you what the

9 Court's going to take into consideration, Mr. Polin, now

10 that you've asked.  The number of contacts with the

11 criminal justice system, that he's had.  The early plea

12 that you've mentioned.  The fact that these sentencing

13 guidelines, although voluntary, the Court did follow the

14 sentencing guidelines, even though they're voluntary.  And

15 the fact that he's facing 90 years in jail and a fine of

16 $1.5 million dollars.  The Court's taken all of that into

17 consideration.  Now, if you'd like to file something with

18 the Court, a motion to reconsider, the Court will be happy

19 to entertain that motion, Mr. Polin.

20      MR. POLIN:  Thank you.

21      THE COURT:  And I think you have --

22      MR. POLIN:  120 days.

23      THE COURT:  -- is it 120 days?  If you could, if

24 you file within the next 30 days, the Court would be more

25 than happy, well, obviously within the 120 days, but if

8

Alr

1  you file something sooner rather than later, that would

2  probably wouldn't hurt to your benefit.

3         MR. POLIN:  Understood.

4         THE COURT:  Okay?

5         MR. POLIN:  Thank you.

6         THE COURT:  Was there anything else, Mr. Polin?

7         MR. POLIN:  Nothing further from Mr. Myles.

8         THE COURT:  Okay, Mr. Zwiheen?

9         MR. ZWIHEEN:  Nothing further.

10        THE COURT:  Sir, do you understand -- You don't

11 have to agree with it.  Did you understand your sentence?

12 Did you understand it?

13        MR. MYLES:  Yes, I thought -- not really,

14 because I thought that I was on the first, the

15 distribution of cocaine, I thought that was supposed to

16 run together.

17        THE COURT:  No, sir, this is a consecutive

18 sentence.

19        MR. MYLES:  I didn't know that.

20        THE COURT:  Now, what your lawyer is going to do

21 is he's going to file a motion for me to reconsider my

22 sentence.  And I can't tell you how I'm going to rule on

23 it.  I'm going to read Mr. Polin's motion.  Okay?  All

24 right?  Matt (phonetic sp.), can you escort Mr. Myles,

25 please?

9

Alr

1          THE COURT:  And Mr. Polin, when you file that

2     motion, add as much to it as you possibly can.

3          MR. POLIN:  Understood, Your Honor.

4          THE COURT:  Okay?  And ask to reduce it, you can

5     ask whatever you want to ask.  But realistically --

6          MR. POLIN:  I understand.

7          THE COURT:  Okay.

8          MR. POLIN:  Understood.

9          THE COURT:  All right.  But file -- if you could

10    file it sooner rather than later.

11         MR. POLIN:  I understood that.

12         THE COURT:  Okay.  I can't tell you what to do,

13    but just -- okay.

14         MR. POLIN:  I can take a hint today, Your Honor.

15         THE COURT:  Okay.

16         (Thereupon the hearing was concluded.)

17

18

19

20

21

22

23

24

25

√  Digitally signed by Andrea L. Roher

## ELECTRONIC CERTIFICATE

I, Andrea L. Roher, transcriber, do hereby certify that I have transcribed the proceedings had and the testimony adduced in the case of UNITED STATES vs. KEVIN MYLES, Case No. 2005 FEL 1381 in said Court, on the 18th day of August 2005.

I further certify that the foregoing 10 pages constitute the official transcript of said proceedings as transcribed from audio recording to the best of my ability.

In witness whereof, I have hereto subscribed my name, this 23th day of August 2007.

*Andrea L. Roher*

Transcriber

11

**E X H I B I T    C**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Criminal Division—Felony Branch**

December 20, 2006

Steven G. Polin, Esq.
3034 Tennyson Street, N.W.
Washington, D.C. 20015

Dear Counsel:

The chambers of the Honorable Robert R. Rigsby recently received a letter from your client, **Kevin Antonio Myles, 2004 FEL 3386 and 2005 1381.** The Court has determined that, despite its caption, Mr. Myles's *Pro Se* Motion to Vacate, Set Aside or Correct Sentence and Judgment does not raise a challenge under D.C. Code § 23-110 (2001).

The issues raised by the letter—specifically, that Mr. Myles's charges and sentences in his two cases should "merge"—are more appropriately addressed by you, as counsel, than by the Court at this time. I have enclosed a copy of the letter with this mailing. **There are no court dates currently scheduled.** Thank you for your attention to this matter.

Sincerely,

Stephen R. Prest
Law Clerk to the Hon. Robert R. Rigsby
Superior Court of the District of Columbia

Enclosure(s)

Copies to:

U.S. Attorney's Office
Felony Trial Section
555 Fourth Street, N.W., Third Floor
Washington, D.C. 20530

~~Kevin Antonio Myles   #16374-016~~
CI Rivers
Correctional Institution
P.O. Box 630
Winton, NC 27986

08 0117

**FILED**

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



# OFFICE OF BAR COUNSEL
## THE BOARD ON PROFESSIONAL RESPONSIBILITY
### DISTRICT OF COLUMBIA COURT OF APPEALS

515 Fifth Street, N.W.
Building A, Room 127
Washington, D.C. 20001
(202)638-1501 Fax (202)638-0862

## COMPLAINT FORM FOR INCARCERATED COMPLAINANT
### (Please print or type.)

Date: _____

A. Your Name: ☐(Dr.)
☒(Mr.)
☐(Ms.)
☐(Mrs.)  kevin Antonio Myles
       (First)        (Initial)       (Last)

DCDC # 221-814       Location: Rivers Correctional Institution

Fed. I.D. #- 18374-016      Date of Birth: November 10, 1967

Other Address: _____
        (Street)                (Apt. #)

         (City)
Court where case is pending: Superior Court D.C.    (State) Case No(s).: F-1381-05  (zip)

Date of next court appearance: none      Before Judge: Robert R. Rigsby

Superior Court ☒     U.S. District Court ☐     Other ☐ _____

B. Attorney Complained Of:

Name: Steven G. Polin
       (First)         (Initial)       (Last)
Address: 3034 Tennyson St. N.W.
      (Street)               (Apt. #)
       Washington D.C. 20015

Telephone No. _____     Attorney's Bar No., if known: wo439234

C. Have you filed a complaint about this matter anywhere else? If yes, please give details.
No

D. Do you have a written retainer agreement with the attorney? If yes, please attach a copy.
No

E. Do you have other documents that are relevant? If yes, please give details and provide copies.
Letter from the court, letter from myself

See Attachment

### SEE REVERSE SIDE FOR REQUIRED DETAILS & SIGNATURE

F. DETAILS OF COMPLAINT:

Mr. Polin, has neglected to assist me and have not responded to a lett
from the court nor have he responded to any of mine. Mr. Polin represte
me through out my charge and sentencing, in case No.F-1381-05. In that
case I received a sentence of 25 months and $100.00 fine on each count,
the sentence should have merged. I filed a D.C. Code § 23-110, the cour
sent the § 23-110 to Mr. Polin, because I put both cases that I was
sentence in and should have only put the one case that was of concern,
so the court asked him to address the matter. I am not a attorney nor do
I have any legal skills in the filed of law.  I made a mistake inputting
both case No. on the § 23-110, instead of the one I was concern with.
Sir or Madam, If my case is suppose to merge, all I would like for Mr.
Polin or some other attorney to do is file the proper papers or assist
me in doing so.

The Undersigned hereby certifies to the Office of Bar Counsel
that the statements in the foregoing Complaint are
true and correct to the best of my knowledge.

_____
SIGNATURE

CERTIFICATION

I, Kevin Antonio Myles, do hereby declare that I am the complainant in the complaint.

I, certify that the attached copies of documents (identified as attachments 1 through 5).

1. D.C. Code § 23-110

2. Letter from Judge Robert R. Rigsby, Law Clerk, Mr. Stephen R. Prest

3. Letter sent to Mr. Polin dated January 3, 2007

4. Letter sent to Mr. Polin dated July 3, 2007

5. Superior Court of the District of Columbia Judgment in both crimianal cases

These documents are true and accurate copies of official documents of Superior Court of the District of Columbia and letters sent to Mr. Polin.

Pursuant to 18 U.S.C. § 1746, I do declare under penalty of perjury that the foregoing documents are true and correct.

Executed on this 16th day of August 2007.

State of North Carolina County of Hertford
Signed before me on this 16th day
of August, 2007 by April 20, 2011
Notary Public Cindy L. Vann

CINDY L. VANN
NOTARY
PUBLIC
HERTFORD COUNTY, N.C.

Kevin myl 18374-016
Kevin Antonio Myles
Reg. No. 18374-016
P.O. Box 630
Winton, N.C. 27986-0630

**A T T A C H M E N T # 1**

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
Criminal Division

**RECEIVED**

OCT - 3 2006

CHAMBERS OF
JUDGE ROBERT R. RIGSBY

UNITED STATES OF AMERICA
[DISTRICT OF COLUMBIA,
  if applicable]

                                              F1381-05

        v.                        Case Number F-3386-04  F-13181


____Kevin Antonio Myles_____
Petitioner


MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE AND JUDGMENT
PURSUANT TO D.C. CODE § 23-110


I. PARTIES AND JURISDICTION.

1.  Enter your <u>full</u> name: KEVIN ANTONIO MYLES_____

2.  Date of birth: __11/10/67_____

3.  D.C.D.C. Number (if applicable): ___221-814_____

4.  Fed. reg. number (if applicable): ___18374-016_____

5.  Are you now:

    a.  On probation, parole or supervised release? _No___ If "yes," what
    is your current home address?_____
    _____

    b.  In a correctional facility? Yes___ If "yes," which facility?___
    Rivers Correctional Instition P.O. Box 630 Winton   North Carolina, 27986____

    c.  In some other status or residence?_____ If "yes," explain and
    give address:_____
    _____

6.  Are you serving any other sentence, or do you have another sentene
to serve after completing the sentence you are challenging in the
motion? No____

    a.  If "yes," what are terms for violation of probation, parole,
    or supervised release?_____

    _____

11.  If you previously filed a motion to vacate this sentence and judgment, list all of the grounds for relief you raised in that motion

No

_____

_____

_____

_____

### III GROUNDS FOR RELIEF.

   You may raise as many grounds (i.e., reasons) to vacate, set aside or correct the sentence and judgment as you believe are supported by the Constitution of the United States or the laws of the District of Columbia. Remember that if you know of any reason you believe your conviction or sentence is unlawful and you do not raise it in this motion, you will probably lose the right to raise it later.

   For each reason, you should <u>briefly</u> state the legal basis for the claim. Then you should provide the facts about your case that support the claim. provide as much specific information about your case and the reasons you believe the sentence or conviction is unlawful as possible. If you have a transcript of the trial or hearing, you should refer to the specific places in the transcript that show the error you believe the court made. You should, if possible, attach copies of transcript pages that support your claim. After that, you may attach additional legal arguments in support of the claim. Number each different claim, and attach the pages related to each claim in numerical order, followed by the conclusion page.

Legal Basis

   a.  Supporting Facts                48-904,01

In case number F-1381-05 attempted distribution of cocaine (cte) 48-904, att possession with intent to distribute cocaine which is one case which should have Merged, also see Fines which is $200 which should be $100.00.

In case number F-1381-05 Judge Rigsby gave me 50 months which should have merged to 25 months

   b.  Legal Argument

Att. Distribution and Att. Possession with Intent to distribute arose from a single transaction, so that separate conviction are barred by both the merger doctrine, and double jeopardy analysis,

A T T A C H M E N T # 2

**A T T A C H M E N T # 3**

KEVIN MYLES
Fed. Reg. No. 18374-016
Rivers Correctional Institution
Post Office Box 630
Winton, NC 27986-0630


January 3, 2007


Mr. Steven G. Polin, Esq.
Attorney At Law
3034 Tennyson Street, NW
Washington, DC 20015

RE:  **United States v. Kevin Antonio Myles**
     **Criminal Case Nos.: 2004 FEL 3386 & 2005 1381**

Dear Mr. Polin:

The purpose of this letter is to respectfully request your legal representation/assistance in preparing a **post-conviction** motion on my behalf in the above-referenced criminal cases of which you represented me.

I was sentenced by the Honorable Robert R. Rigsby on or about August 18, 2005, in the above referenced case numbers. As you may or may recall, Judge Rigsby stated to you in open court that you had 120 days in which to file 'something'. Based on the letter I submitted to Judge Rigsby, in his response (his law clerk's) dated December 20, 2006, he states that the issues raised in my letter (that the two cases should "mergem") are more appropriately addressed by you, as counsel....

The question is:  Do I have a valid claim relative to the fact that I was charged with Possession with Intent to Distribute Heroin, Possession of Heroin & Possession with Intent to Distribute Cocaine, and Possession of Cocaine, that these charges should have been merged together?

I would greatly appreciate your input in this matter. Or in the alternative, at least point me in the right direction relative to stating a Section 23-110 claim.

Sincerely,

Kevin Myles

KM/
File

**A T T A C H M E N T # 4**

KEVIN A. MYLES
Register No. 18374-016
Rivers Correction Institution
Post Office Box 630
Winton, North Carolina 27986-0630

July 3, 2007

Honorable Robert R. Rigsby
Superior Court Of The District of Columbia
500 Indiana Avenue, N.W.
Washington, D.C. 20001

Re: Correction Of Sentence Pursuant to D.C. Rule 35 (a) and Rule 36
Clerical Mistake, In Case No. F-1381-05

Dear Judge Rigsby,

On August 18, 2007, I was sentenced before you, after the acceptance
of a plea agreement to count E: Attempt Distribution Cocaine, D.C. Code §
48.904.01 and count F: Attempt Possession W/I To Distribute Cocaine D.C.
Code § 48.904.

Your Honor, in Criminal Case F-1381-05 you sentenced me on counts E
and F: Attempt Distribution Cocaine and Attempt Possession W/I To Distribute
Cocaine, respectively, to a term of 25 months as to each count.  In the
Judgment in a Criminal Case ORDER it does not state as to whether or not
each count is to be served concurrently. (Attachment).  Since there is no
indication as to how these two counts are to be served, the law dictates
that these 2 counts are to be served consecutively for a total of 50 months
imprisonment.

Your Honor, you did specify in Case Number F-3386-04, wherein I was
sentenced to Count D: Attempt Possession W/I To Distribute Heroin, that my
25 months in prison should be served consecutively to any other sentence.

Your Honor, the point that I am trying to bring before this Honorable
Court is that my two 25 month sentences in Criminal Case F-1381-05, (Counts
E & F) should have been merged together.  Both of these offenses arose out
of the same criminal conduct.

Your Honor, on December 20, 2006, your Law Clerk sent a letter to my
Attorney Mr. Steven G. Polin, requesting him to address the merger of my
sentence.  I have also written Mr. Polin, concerning this matter, with no
response. (Letters Enclosed).

I respectfully ask this Honorable Court to correct the
consecutive sentence in Case Number F-1381-05, Count E & F to

Honorable Robert R. Rigsby
July 3, 2007
Page 2

    Re:  <u>Kevin A. Myles Register No. 181374-016</u>
         <u>Correction Of Sentence Pursuant to D.C. Rule 35 (a)</u>
         and Rule 36 Clerical Mistake, In Case No. F-1381-05

merge, or to grant such other and further relief as may be
warranted.

    Thank you for your time and consideration in this matter.

                Respectfully,

                Kevin A. Myles

KAM/
Enclosure(s):

File

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Kevin Myles

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Yho SE (PA)

**DEFENDANTS**

Steven Polin

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Case: 1:08-cv-00117
Assigned To : Bates, John D.
Assign. Date : 1/22/2008
Description: Pro Se General Civil

---

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

■ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other) OR ■ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

— 0 —

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** Check YES only if demanded in complaint   **JURY DEMAND:** ⊙ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ⊙ NO If yes, please complete related case form.

**DATE** 1-22-08   **SIGNATURE OF ATTORNEY OF RECORD** NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd