FILED

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
Criminal Division

UNITED STATES OF AMERICA
[DISTRICT OF COLUMBIA,
   if applicable]

08 0117

v.

Case Number ▓▓▓▓▓

Kevin A. Myles
Petitioner

# MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND JUDGMENT PURSUANT TO D.C. CODE § 23-110

## I. PARTIES AND JURISDICTION.

1. Enter your full name: **Kevin Antonio Myles**
2. Date of birth: **November 10, 1967**
3. D.C.D.C. Number (if applicable): **221-814**
4. Fed. reg. number (if applicable): **18374-016**
5. Are you now:

   a. On probation, parole or supervised release? **NO**  If "yes," what is your current home address? **N/A**

   b. In a correctional facility? **YES**  If "yes," which facility? **Rivers Correctional Institution P.O. Box 630 Winton, N.C. 27986**

   c. In some other status or residence? **N/A**  If "yes," explain and give address: _____

6. Are you serving any other sentence, or do you have another sentene to serve after completing the sentence you are challenging in the motion? **YES**

   a. If "yes," what are terms for violation of probation, parole, or supervised release? **The other sentence was part of the plea bargain. The case No. is F-3386-04**

4

b.  Enter name(s) of court(s) where sentence(s) was (were) imposed: <u>Superior Court of the District of Columbia</u>

## II. CASE HISTORY.

7.  Provide the following information, or attach a copy of the Superior Court Judgment and Commitment Order or Judgment and Probation Order

   a. Enter the case number of the sentence and judgment you want to vacate set aside or correct only: <u>F-1381-05</u>

   b. Name of sentencing judge: <u>Robert R. Rigsby</u>

   c. Name of attorney who represented you at trial/plea: <u>Steven G. Polin 3034 Tennyson St. N.W. Washington, D.C. 20015</u>

   d. Name of attorney who represented you at sentencing (if different
   <u>    Same As Abover</u>

   e. Date of sentence: <u>August 18, 2005</u>

   f. Term of sentence: <u>25 months consecutive on each count, 5 years supervised release and a $200.00 fine.</u>

8. How were you found guilty?

   a. Entered a guilty plea? <u>Yes</u>

   b. Found guilty by a jury? <u>No</u>

   c. Found guilty by a judge? <u>No</u>

9. Did you appeal your conviction? <u>No</u>

   a. If "yes," enter the Court of Appeals case number, if known: <u>       N/A                                          </u>

   b. What action did the Court of Appeals take? <u>       N/A                                          </u>

10. Other than a direct appeal to the D.C. Court of Appeals, have you previously filed any other challenges to this sentence and judgment in any other court? <u>Yes</u>. If "yes," did you file

   a. A petition for certiorari to the United States Supreme Court?____

   b. A motion for correction or reduction of sentence? <u>Correction/Merg of Sentence D.C. Code 23-110</u>

   c. A previous motion to vacate, set aside or correct sentence and judgment? <u>§23-110 was filed and sent to my attorney by the court on on October 3, 2006</u>

   d. Another pleading? Explain <u>A letter to the court on July 3, 2007 for correction of sentence pursuant to D.C. Rule 35(a) and Rule 36.</u>

11.  If you previously filed a motion to vacate this sentence and judgment, list all of the grounds for relief you raised in that motion.

<u>Merger of sentence</u>

### III GROUNDS FOR RELIEF.

You may raise as many grounds (i.e., reasons) to vacate, set aside or correct the sentence and judgment as you believe are supported by the Constitution of the United States or the laws of the District of Columbia. Remember that if you know of any reason you believe your conviction or sentence is unlawful and you do not raise it in this motion, you will probably lose the right to raise it later.

For each reason, you should <u>briefly</u> state the legal basis for the claim. Then you should provide the facts about your case that support the claim. provide as much specific information about your case and the reasons you believe the sentence or conviction is unlawful as possible. If you have a transcript of the trial or hearing, you should refer to the specific places in the transcript that show the error you believe the court made. You should, if possible, attach copies of transcript pages that support your claim. After that, you may attach additional legal arguments in support of the claim. Number each different claim, and attach the pages related to each claim in numerical order, followed by the conclusion page.

Legal Basis

a.  Supporting Facts

<u>Att. Distribution Cocaine and Att. Possession with intent to distribute and the fines of $100.00 on each count is cumulative punishment. Count E and f and the fine should have merged as one punishment.</u>

b.  Legal Argument

<u>The cumulative punishment is barred by the merge doctrine and double jeopardy analysis. Count E and F arose from a single transaction.</u>

N.W. Washington, D.C. 20001, this \_\_\_9th\_\_\_ day of *October* of 20\_07\_\_.

State of North Carolina, County of Pasquotank
Signed before me this 9th day of Oct, 2007
By *Kevin Myles*
My Commission Expires 4/1/09

*Rita C. Williams*
Rita C. Williams, Notary Public

Respectfully submitted,

*Kevin Myles* 18374-016
Kevin A. Myles, pro se
Reg. No. 18374-016
P.O. Box 630
Winton, N.C. 27986-0630

7

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

UNITED STATES OF AMERICA,

    Respondent

  v.                                      Case No. F-1381-05

Kevin A. Myles,

    Petitioner

## MEMORANDUM IN SUPPORT OF
## D.C. CODE § 23-110

COME NOW, Kevin A. Myles, <u>pro se</u>., respectfully ask this Honorable Court to correct the sentence that was imposed in the above case No., pursuant to D.C. Code § 23-110.

Petitioner states the following for correction of sentence, for merger:

### JURISDICTION

Petitioner was sentence in this court, therefore this court has jurisdiction to correct the sentence pursuant to D.C. Code § 23-110.

### STATEMENT OF FACTS

On March 9, 2005, petitioner was arrested for the offense of Attempt Distribution Cocaine and Attemp Possession With Intent To Distribute Cocaine.

In June of 2005, petitioner plead guilty to count E and F of the indictment.

On August 18, 2005, petitioner was sentenced to a term of 25 months and a $100.00 fine on each count.

08 0117

**FILED**

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## SUPPORTING ARGUMENT

The actual crime of att. distribution cocaine D.C. Code § 48-904.01 and att. possession with intent to distribute cocaine, (PWID) D.C. Code § 48-904 are of the same elements, based on the same underlying incident. The trail court erred in sentencing petitioner in this case on count F with a consecutive sentence to count E and a $100.00 fine on each count.

To subdivide att. distribution cocaine and PWID cocaine into to parts for consecutive sentences, the court is focusing first on the period before the att. distribution, att. PWID cocaine is the lesser included offense of att. distribution and should be merged with the greater offense and the additional fines denies petitioner the merger of his sentence, which effects substantial rights of the constitution amendment.

The trail court has made a plain error in not merging petitioner's sentence of att. distribution and att. PWID cocaine. The court may not prescribe a greater punishment than the legislative intended.

By the trail court not merging petitioner's sentence and imposing fines on each count seriously effects the fairness of being sentence to a proper sentence.

### POINTS OF LAW IN SUPPORT OF § 23-110

The multiple sentence and fines for att. distribution cocaine and att. PWID cocaine are based on the charge of att. distribution cocaine, which is the attempted sale and the charge of att. PWID cocaine is based on the remainder of the crime, they are all

2

(both) directed toward consummation of one criminal undertaking offense. Since the arrest occurred minutes after the att. distribution cocaine, in the same place, and because of the same participant, there should only be one punishment. In <u>Prince v. United States 230 F.2d 568 (5th Cir. 1956)</u> rev'd <u>352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957).</u> The Supreme Court held that, congress created multiple offenses in connection with the same robbery, but it did not intend to impose multiple punishment. <u>Id. 352 U.S. at 323, 77 S.Ct at 404,</u> also <u>Rutledge v. United States, 517 U.S. 292, at 297, 116 S.Ct. 1241 at 1245, 134 L.ED.2d 419 (1996)</u>(courts may not "prescrib[e] greater punishment than the legislature intended." "Where two statutory provisions proscribe the (same offense)," a legislature does not intend to impose two punishments for that offense.)

In <u>Ball v. United States, 470 U.S. at 864, 105 S.Ct. 1668, at 1673)</u>(the independent but overlapping statutes simply are not "directed to sparate evils" under the circumstance.)

The offense of att PWID cocaine should have merged with the att. distribution cocaine as one sentence, were count F is the lesser included offense of att. distribution cocaine count E. Petitinoer sentence and fines should have merged. <u>Brown v. United States 691 A.2d 1167 at 1169-[4] (1997)</u>; <u>United States v. Poole 96 FED. App. 897.</u>

<u>PRINCE</u> 77 S.CT. 403, rationale as the controlling authority, where a single act of distribution forms the basis for both the charge of possession with intent to distribute, the government may prosecute on both counts, but the court may impose only one sentence. <u>United States v. Oropeza, 564 F.2d 316 (9th Cir.1977),</u> cert. denied, <u>434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978)</u>; <u>United State v.</u>

<u>Gomez</u>, 593 F.2d 210 (3rd Cir.) (en banc), cert. denied, 441 U.S. (948, 99 S.Ct. 2172, 60 L.Ed.2d 1052 (1979); <u>United States v. Hernandez 591 F.2d 1019 5th Cir. 1979) (en banc)</u>; <u>United States v. Olivas, 558 F.2d 1366 (10th Cir. ), cert. denied, 434 U.S. 866, 98 S.Ct. 203 L.Ed. 2d 142 (1977)</u>; <u>United v. Stevens, 521 F.2d 334 (6th Cir. 1975)</u>; <u>Unitd States v. Curry, 512 F.2d 1299 (4th Cir.), cert. denied, 423 U.S. 832 96 S.Ct. 55, 46 L.Ed.2d 50 (1975)</u>; <u>United States v. atkinson, 512 F2d 1235 (4th Cir.1975)</u>.

The Supreme Court's interpretation in <u>Prince</u> of the Federal Bank Robbery Act, the dominant theme in all of the Federal Courts of Appeals' decisions under the Drug Act is a simple one: when more than one offense arises under U.S.C. 18 § 841(a)(1) from a single criminal undertaking involving drugs and each offense is committed at virtually the same time, in the same place, and with the same participants, the punishments should not be compound. The general rule under § 841(a)(1) is, consistent with <u>Prince</u>, that where the defendant is convicted of multiple criminal steps leading to the same criminal undertaking, only one punishment should be imposed.

In <u>Gomez</u>, the Third Circuit declared that "sentences cannot be imposed for both the offense of distribution and the offense of possession with intent to distribute when both are charged and proved to have taken place at the same time." 593 F.2d at 217.

In <u>Stevens</u>, the Sixth Circuit , emphasized that it was the single act of distribution that gave rise to prosecution for both the distribution and the possession with intent to distribute 521 F.2d at 337.

The trial court has made an error in not merging count E and

4

F. The lesser offense merges with the greater offense, it is self evident that every distribution of an unlawful drug is immediately preceded by possession of that same durg with intent to distribute it. United Sttes v. Lewis 200 U.S. App. D.C. 76, 81, (1980)(counts charging distribution implicitly include possession and intent to distribute the drug as essential elements of each offense); In United States v. Hernandez, 591 F.2d 1019, 1022 (5th Cir. 1979)(enbanc) (when intent distributione is fulfilled by a sale, intent to distribute charge merge into distribution charge).

## SENTENCING COMMITMENT ORDER

Petitioner's sentencing commitment order does not state if his sentence is to run concurrently or consecutively, it only states 25 months on each count, 50 months and a $200.00 fine. There is no written indication where judge noted imposing sentence that sentence were to run concurrently or consecutive.

When a sentencing order, encompassing multiple counts or multiple indictments, is silent as to whether the sentences imposed on each count or indictment are to run concurrently or consecutively, the presumption is that the sentences run concurrently. If a sentencing court intends to impose consecutive sentences, it must specifically state that intention in its order. State v. Rau 129 N.H. 126, 523 A.2d 98 at 100 (1987); Lewis 200 U.S. App. at 89.

## BLOCKBURGER TEST

The test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), serve a general function of identifying ccongressional intent to impose separate sentences for multiple offenses arising in the course of a single transaction or act. In

5

determining whether separate punishments might be imposed, Blockburger requires the court to examine the offense to ascertain whether each provision requires proof of fact, which the other does not. The court's application of the test must focuses on the statutory elements of the offense.

Respectfully submitted,

*Kevin Myles*
Kevin A. Myles, pro se
Reg. No. 18374-016
Post Office Box 630
Winton, N.C. 27986-0630

## RELIEF SOUGHT

**WHEREFORE**, petitioner ask this Honorable Court to grant his petition of D.C. Code § 23-110, to merge his sentence of count E and F to run concurrently, and to any other aspects of the sentence to merge.

To grant any other relief this court may deem just and p●roper in this matter.

## CONCLUSION

Petitioner ask this Honorable Court to grant the relief that petitioner is seeking and to hold petitioner for incorrect citings and treat petitioner § 23-110, as a pro se petition, with less stringent standards than formal pleadings drafted by attorney(s). <u>Haines v. Kerner 92 S.CT. 594 (1972).</u>

The original and 1 copy were put in the Rivers Correctional Institution legal mailbox U.S. postage prepaid, and sent by U.S. mail to the Superior Court of the District of Columbia, 500 Indiana Ave.

6

## IV CONCLUSION

Therefore, movant respectfully asks the Court to vacate, correct, or set aside the judgment and sentence and grant such other and further relief as may be warranted. I declare under penalty of perjury that the foregoing is true and correct.

_____  16974-016
Name  Kevin A. Myles, pro se

_____10-9-07_____
Date

Attachments (check if included):

\_\_\_\_\_ Motion for appointment of counsel

\_\_\_\_\_ Discovery requests

State of North Carolina, County of Pasquotank
Signed before me this 9th day of Oct, 20\_\_
By Kevin Myles
My Commission Expires 4/11/09

Rita C. Williams, Notary Public

[Notary Seal: RITA C. WILLIAMS, NOTARY PUBLIC, PASQUOTANK COUNTY, NC]