IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

KEVIN MYLES, :
:
    Plaintiff, :
:
v. : Case No. 1:08-cv-00117-JDB
:
STEVEN POLIN, :
:
    Defendant. :

### PLAINTIFF'S SUPPLEMENTAL EXHIBIT TO COMPLAINT

The Plaintiff, Kevin Myles ("Myles"), in the above-referenced action, hereby files the decision of the "Bar Counsel for the District of Columbia," against Defendant Steven Polin, which has resulted in a informal admonition of the Defendant. A copy of the decision issued by the Bar Counsel is attached hereto as <u>Exhibit A</u>.

                                        Respectfully submitted,

                                        _/s/ Kevin Myles_
                                        Kevin Myles
                                        Reg. No. 18374-016
                                        RCI
                                        P.O. Box 630
                                        Winton, NC 27986
                                        (252) 358-5200 Tel.

**RECEIVED**

FEB 1 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# OFFICE OF BAR COUNSEL

January 25, 2008

*Serving the District
of Columbia Court
of Appeals and its Board
on Professional
Responsibility*

Wallace E. Shipp, Jr.
*Bar Counsel*

*Deputy Bar Counsel*
Elizabeth A. Herman

*Senior Assistant Bar Counsel*
Julia L. Porter
Judith Hetherton

*Assistant Bar Counsel*
Joseph N. Bowman
Ross T. Dicker
Gayle Marie Brown Driver
Catherine L. Kello
Becky Neal
William Ross
H. Clay Smith, III
Traci M. Tait

*Staff Attorney*
Lawrence K. Bloom
Dolores Dorsainvil

**<u>CONFIDENTIAL</u>**

Steven G. Polin, Esquire
c/o James T. Maloney, Esquire
Maloney & Mohsen, PLLC
5039 Connecticut Avenue, N.W.
Building 1
Washington, D.C. 20008

                Re:   *Polin/Thompson*
                        *Bar Docket No. 2007-D398*
                        *Polin/Myles*
                        *Bar Docket No. 2007-D357*

Dear Mr. Polin:

       This office has completed its investigation of the above-referenced matters. We find that your conduct reflected a disregard of certain ethical standards under the District of Columbia Rules of Professional Conduct (the "Rules"). We are, therefore, issuing you this Informal Admonition pursuant to D.C. Bar Rule XI, §§ 3, 6, and 8.

       We have consolidated theses matters for the purposes of this disposition; however, the facts of each are set forth separately below.

    **I. Bar Docket No. 2007-D398**

       On March 12, 2002, your client ("Ms. T.") retained you to represent her in a civil action against her former employer. Ms. T. alleged that she had been wrongfully terminated by her employer in February of 2001 after taking sixteen weeks of unpaid maternity leave. On February 28, 2003, you filed suit onMs. T.'s behalf in the United States District Court for the District of Columbia. The complaint asserted three causes of action. Count I alleged violations of the Federal Family and Medical Leave Act, 29 U.S.C. § 2601 ("FFMLA"). Count II alleged wrongful termination and breach of contract. Count III alleged intentional infliction of emotional distress.

       On August 8, 2003, the employer moved to dismiss the complaint in its entirety. In a memorandum opinion issued on May 29, 2007, the court granted the employer's motion with respect to Counts I and III. In support of its motion

Steven G. Polin, Esquire
Bar Docket No. 2007-D398
Bar Docket No. 2007-D357
Page 2

to dismiss, the employer had attached a leave-of-absence request form (signed by Ms. T.) which was not referenced in the original complaint. Because the employer presented material outside the pleadings, the court ruled that, under the Federal Rules of Civil Procedure, the employer's motion to dismiss with respect to Count II should be treated as a motion for summary judgment. Accordingly, the court granted both parties 20 days to submit additional materials relevant to its disposition of the motion for summary judgment. On June 18, 2007, you filed a supplemental submission per the court's order. Nevertheless, on June 22, 2007, the court granted summary judgment to the employer as to Count II of the complaint. The judgment was docketed on July 23, 2007.

During the three months or so prior to the court's July 23, 2007 judgment, Ms. T. made frequent attempts to contact you regarding the status of her case, including multiple phone calls, phone messages, and at least one letter—all of which went unreturned. This lack of communication prompted Ms. T. to file a complaint with Bar Counsel on September 18, 2007. After the court issued its decision, you did not notify Ms. T. that summary judgment had been entered in the employer's favor until the 30-day period within which she could note an appeal expired. As a result, Ms. T. lost her right to appeal.

## II. Bar Docket No. 2007-D357

On May 28, 2004, you were appointed by the District of Columbia Superior Court to represent a criminal defendant ("K.M."). K.M. had been charged with one count of cocaine possession and one count of possession of heroin with intent to distribute. K.M. was initially released on his own recognizance, but later failed to appear for a preliminary hearing in the case. A bench warrant was subsequently issued for his arrest. On March 9, 2005, while the bench warrant was still outstanding, K.M. was rearrested on charges of possession of cocaine, distribution of cocaine, and possession of cocaine with intent to distribute. After negotiation with the government, K.M. accepted a plea agreement pursuant to which he pled guilty in two separate matters: attempted possession of heroin with intent to distribute; and, in another case, attempted cocaine distribution and attempted possession of cocaine with intent to distribute. At the sentencing hearing on August 18, 2005, the court sentenced K.M., in the cases involving cocaine, to 25 months of imprisonment on each count and 25 months in the heroin case, for a total of 75 months running consecutively. K.M raised the issue of whether the cocaine charges had to "run together." The court declined to sentence K.M. to concurrent sentences but urged you to file a motion to reconsider the sentence and to file it as soon as possible. You agreed to do so.

After the hearing, you told K.M. that you would look into the issue of sentence merger and file a motion to correct the sentence if your research indicated that the court had erred. You

Steven G. Polin, Esquire
Bar Docket No. 2007-D398
Bar Docket No. 2007-D357
Page 3

state that your subsequent research revealed that the sentence imposed on K.M. was legal and, consequently, you did not file a motion. Unfortunately, you failed to communicate your conclusion to K.M. Further, you failed to file a motion to reconsider the sentence based on other considerations besides the merger issue. Thus, on October 3, 2006, K.M. filed a *pro se* motion to correct the sentence. The court forwarded K.M.'s motion and attached letter to you on December 20, 2006, stating that "the issues raised by the letter . . . are more appropriately addressed by you, as counsel, than by the Court at this time." You did not respond to the court's letter. On January 3, 2007, K.M. wrote you directly requesting your assistance in filing a motion to correct his sentence. Once more, you failed to respond. On July 3, 2007, K.M. again wrote to the court asking for review of his sentence and noting that he had "written [you], concerning this matter, with no response." Finally, on August 21, 2007, K.M. filed a complaint with Bar Counsel.

### III. Violations

#### 1. Rule 1.4 — Communication

Subsection (a) of Rule 1.4 provides that a "lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Similarly, subsection (b) provides that a "lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." We find that your conduct in both of the foregoing matters constituted a violation of Rule 1.4.

As Comment [1] to Rule 1.4 makes plain, a client should be given "sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued . . . ." Your failure to keep Ms. T. appraised of developments in her case, and your failure to respond to her various attempts to communicate with you, deprived her of the opportunity to participate effectively in the decision-making process. Because you failed to notify Ms. T. within the requisite 30-day period, that judgment had been entered in favor of the employer, she lost her right to appeal.

Your conduct in the second matter likewise violated Rule 1.4. Although you apparently told K.M. that you would file a motion to correct his sentence only if your research led you to the conclusion that the original sentence was flawed, you should still have told your client the results of your research. Comment [2] to Rule 1.4 states that "[t]he lawyer must initiate and maintain the consultative and decision-making process if the client does not do so and *must ensure that the ongoing process is thorough and complete.*" (Emphasis added). Thus, notwithstanding your conclusion that K.M. received an appropriate sentence, you still had a duty to communicate that

Steven G. Polin, Esquire
Bar Docket No. 2007-D398
Bar Docket No. 2007-D357
Page 4

conclusion to him. Moreover, there was no excuse for your failure to respond to letters sent to you by both the court and K.M.

2. **Rule 1.3 — Diligence and Zeal**

Subsection (a) of Rule 1.3 provides that "[a] lawyer shall represent a client zealously and diligently within the bounds of the law." Subsection (c) elaborates on this basic principal by mandating that a lawyer "act with reasonable promptness in representing a client." We find that by failing to inform Ms. T. that summary judgment had been entered in favor of the employer before the 30-day statute of limitations for filing an appeal had expired, you violated Rules 1.3(a) and (c).

Comment [2] to Rule 1.3 emphasizes that a lawyer's obligation to exercise diligence in pursuit of his or her client's objectives "derives from the lawyer's membership in a profession that has the duty of assisting members of the public to secure and protect available legal rights and benefits." However, because you never updated Ms. T. on the outcome of her case, she lost an important legal right—the right to appeal the district court's adverse judgment. While there is no way to know for certain what the outcome of Ms. T.'s case would have been had an appeal been timely filed, there is no question but that she should have been afforded the opportunity to note an appeal.

As to K.M.'s case, you allowed your client to rely on your representation to the court that you would file a motion to reconsider his sentence. You failed to protect your client's interest in having the court review his sentence. While the merger issue was not a viable method to attack the sentence, the court clearly showed an interest in reconsidering the sentence even apart from this issue. However, you failed to file a sentence reconsideration motion and deprived your client of the right to have the court reconsider the sentence imposed.

For the reasons outlined above, we find your conduct in both cases violated Rules 1.4 (a) and (b) and 1.3(a) and (c). In deciding to issue this Informal Admonition rather than pursue a more serious sanction, we have taken into account the fact that you have no history of misconduct; that you cooperated with Bar Counsel in our investigation; and that you have expressed remorse for your conduct.

This letter constitutes an Informal Admonition pursuant to D.C. Bar Rule XI, §§ 3, 6, and 8 and is public when issued. Please refer to the attachment to this letter of Informal Admonition for a statement of its effect and your right to have it vacated and have a formal hearing before a Hearing Committee.

Steven G. Polin, Esquire
Bar Docket No. 2007-D398
Bar Docket No. 2007-D357
Page 5

If you would like to have a formal hearing, you must submit a written request for a hearing to the Office of Bar Counsel, with a copy to the Board on Professional Responsibility, within 14 days of the date of this letter, unless Bar Counsel grants an extension of time. If a hearing is requested, this Informal Admonition will be vacated, and Bar Counsel will institute formal charges pursuant to D.C. Bar Rule XI, § 8(b). The case will then be assigned to a Hearing Committee, and a hearing will be scheduled by the Executive Attorney for the Board on Professional Responsibility pursuant to D.C. Bar Rule XI, § 8(c). Such a hearing could result in a recommendation to dismiss the charges against you or a recommendation for a finding of culpability, in which case the sanction recommended by a Hearing Committee is not limited to an Informal Admonition.

                                                   Sincerely,

                                                 Wallace E. Shipp, Jr.
                                                 Bar Counsel

Enclosure

cc: K.M.
    Ms. T

EAH/cr