UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

KEVIN MYLES,

        Plaintiff,

v.                              Case No. 1:08-cv-00117-JDB

STEVEN POLIN,

        Defendant.           March 3, 2008

RECEIVED MAR 0 7 2008 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

## NOTICE OF SERVICE OF FORMS PURSUANT TO FRCP 4(d)(2)

The Plaintiff, Kevin Myles ("Myles" or "Plaintiff"), in the above-entitled matter, respectfully files as Exhibit A, a copy of the Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons forms that were mailed to the Defendant, Steven Polin ("Polin"), in accordance with Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 4(d), on February 6, 2008 via certified mail.

Recently, upon information and belief, the Defendant Polin, appeared in this action. However, he has still not returned the said forms in accordance with Fed.R.Civ.P. 4(d). In addition, the Plaintiff was granted leave to proceed in forma pauperis, however, having received no response from the U.S. Marshal Service, and to insure compliance with Rule 4, the Plaintiff provided the said forms to the Defendant. Finally, the Plaintiff has not received any notice, pleading, or appearance from Defendant Polin, and would not have been aware that he had appeared in this action, and moved for an extension of time (Doc. 8), were it no for this Court's minute Order on February 21, 2008 granting the Defendant's Motion for Extension, and the Notice of Electronic FIling sent by the Clerk.

The Plaintiff respectfully requests that the Defendant in the future comply with the Fed.R.Civ.P., and the local rules by providing a copy of his filings with the Court to the Plaintiff, as he must with his Certificate of Service, so the Plaintiff can be aware, on notice, and so he is not blind-sighted by the Defendant's filings.

A copy of the Plaintiff's previous communication to the Defendant is attached hereto as Exhibit A.

Respectfully submitted,

Kevin Myles   Pro Se
Reg. No. 18374-016
RCI
P.O. Box 630
Winton, NC 27986
(252) 358-5200 Tel.

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was mailed this ___3rd___ day of March, 2008 via first-class mail postage pre-paid, by depositing a copy of the same in the RCI legal mailbox addressed as follows:

Steven G. Polin, Esq.
3034 Tennyson Street, N.W.
Washington, D.C. 20016

and

Steven G. Polin,
c/o James T. Maloney, Esq.
Maloney & Mohsen, PLLC
5039 Connecticut Ave., N.W.
Building I
Washington, D.C. 20008

Kevin Myles

**EXHIBIT      A**

Kevin Myles
Reg. No. 18374-016
RCI
P.O. Box 630
Winton, NC 27986

March 4, 2008

**VIA U.S. MAIL**

Steven G. Polin, Esq.
3034 Tennyson Street, N.W.
Washington, D.C. 20016

    Re: <u>Myles v. Polin.</u>,
         Case No. 1:08-CV-00117-JDB

Dear Mr. Polin:

    On March 3, 2008 I received notice from the Court that you had appeared in the above-referenced action, and that you had filed a motion for extension (Doc. 8). Please be advised that I did not receive a copy of your motion from you.

    Please also note that the local rules require you to attach a certificate of service and ensure that I receive a copy. In this instance I did not.

    Also, as you are well aware from the DC Bar Counsel's admonishment of you, you have a history of not communicating with your clients and I therefore respectfully ask that you properly copy me on your future filings with the Court, Bates, J.

    Next, I am providing you a copy of my previous service pursuant to Fed.R.Civ.P. 4(d). A copy of the enclosed was previously provided via Certified Mail Return Receipt Requested to your attorney in the Grievance matters (Mr. Maloney).

    Finally, if you don't formally waive service, I will ask the Court to have the Marshal's effect service, if they have not done so already, and request that costs be imposed. You should not hesitate to contact me at this facility in any regard, moreover, irregardless of whether you file an answer or motion, we will have to confer for purposes of the Rule 26(f) Conference, so I will await your response.

    Very truly yours,

    */s/ Kevin Myles*
    Kevin Myles

Enclosures

cc: File/Court

```
                                        Kevin Myles
                                        Reg. No. 18374-016
                                        RCI
                                        P.O. Box 630
                                        Winton, NC 27986
```

February 6, 2008

<u>VIA U.S. MAIL</u>
Steven G. Polin, Esq.
c/o James T. Maloney, Esq.
Maloney & Mohsen, PLLC
5039 Connecticut Ave., N.W.
Building I
Washington, D.C. 2008

  Re: Myles v. Polin.,
    Case No. 1:08-CV-00117-JDB

Dear Attorney Maloney:

  I was informed by the Office of Bar Counsel for the District of Columbia that you represent Mr. Steven G. Polin.

  Please be advised that I have filed suit against Mr. Polin in the United States District Court for the District of Columbia. Enclosed please find two forms: (i) Notice of Lawsuit; and (ii) Waiver of Service of Summons pursuant to Fed.R.Civ.P. 4(d). In addition, please find enclosed a self-addressed envelope for you to return a copy to me.

  Further, upon appearance of the defendant in the above-referenced action, please kindly contact me to arrange for the Fed.R.Civ.P. 26(f) Conference. All future notices and/or pleadings should be sent to the above address. Also, please be advised that you may contact me here at (252) 358-5200, and ask to speak to me if you have any questions.

  Thank you.

  Very truly yours,

  *[signature]*
  Kevin Myles

Enclosures

KM

cc: File

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

            Steven G. Polin (Defendant)

TO:   (A) <u>James T. Maloney, Esq., Maloney & Mohsen, PLLC</u> (counsel)

    as (B) <u>counsel for Defendant</u> of (C) <u>Steven G. Polin</u>

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States **District Court** for the (D) _____ District of   Columbia_____

and has been assigned docket number (E) <u>1:08-CV-00117-JDB</u>.

This is not a formal summons or notification from the court, but rather my request that **you sign and return** the enclosed waiver of service in order to save the cost of serving you with a judicial **summons** and an additional copy of the complaint. The cost of service will be avoided if I receive a **signed copy** of the waiver within (F) <u>30</u> days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the **court and** no summons will be served on you. The action will then proceed as if you had been served **on the date** the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that **date if your** address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning **the duty** of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this <u>6th</u> day of <u>February,</u> <u>2008</u>.

 

                                                                                  *[signature]*
                                                    Signature of Plaintiff's Attorney
                                                    or Unrepresented Plaintiff

---

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days *(60 days if located in foreign country)* in which to return waiver.

## WAIVER OF SERVICE OF SUMMONS

TO: __KEVIN MYLES__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __STEVEN G. POLIN__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Myles v. Polin__,
(CAPTION OF ACTION)

which is case number __1:08-cv-00117-JDB__ in the United States District Court
(DOCKET NUMBER)

for the _____ District of __Columbia__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __2/06/2008__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____     _____
(DATE)                  (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
     (TITLE)                (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN MYLES, | : |
| Plaintiff, | : |
| v. | : Case No. |
| STEVEN POLIN, | : |
| Defendant. | : |

COMPLAINT AND JURY DEMAND

The Plaintiff, Kevin Myles(hereinafter "Myles"), hereby alleges as follows, on information and belief, against Defendant Steven Polin (herinafter "Polin"):

I. PARTIES

1. The Plaintiff, Kevin Myles ("Myles"), is a citizen and resident of the State of Maryland and New York, with a last address of 1752 Addison Rd. South, District Hights, Maryland, and with a future domicile in the State of New York. Myles is currently incarcerated at the Rivers Correctional Institution, Fed Reg. No. 18374-016, located at 145 Parker Fishery Road, P.O. Box 630, Winton, North Carolina 27986, and was represented by Defendant Steven Polin ("Polin") in proceedinsg in the Superior Court for the District of Columbia before The Honorable Robert R. Rigsby, Case No. 2005 FEL 1381.

2. The Defendant, Steven Polin ("Polin"), is a citizen and resident of the District of Columbia, with an office at 3034 Tennyson Street, NW, Washington, DC 20015, and represented the Plaintiff as described more fully in paragraph 1 above.

II. JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1), as the parties are citizens of different

-1-

States, and the amount in controversy exceeds $75,000, exclusive of costs.

4. Venue is proper pursuant to 28 U.S.C. §1391, as a substantial part of the events or omission occurred in the District of Columbia.

III. STATEMENT OF FACTS

5. Proximate to the date of March 9, 2005, the Plaintiff was convicted by a plea of guilty to Counts E and F of an indictment charging, inter alia, "ATT Distribution of Cocaine" and "ATT Possession W/I To Dist/Cocaine." The case was assigned Superior Court of the District of Columbia Docket No. F1381-05, before The Honorable Robert R. Rigsby. At all times relevant to this Complaint, defendant Polin was counsel of record to the Plaintiff. (A copy of the Judgment In A Criminal Case for the above is attached hereto as Exhibit A.)

6. Proximate to the date of August 18, 2005, the Plaintiff was sentenced before The Honorable Robert R. Rigsby to a term of incarceration of 25 months in jail as to each count, to run consecutive, and 5 years Supervised Release. However, the Judge, also urged counsel to file a Motion for Reconsideration "sooner rather than later." The Court also noted that Attorney Polin had only 120 days to file the said motion, and urged Attorney Polin to file it in the next 30 days. To date, Attorney Polin has not responded to any of the Plaintiff's letters inquiring as to why he did not do what the Court asked of him, and has not filed any motion with the Court despite advising the Court at the time of sentencing, as follows: "I can take a hint today, Your Honor." (A copy of the sentencing Transcript is attached hereto as Exhibit B.)

7. As a result of the Defendants' conduct, attorney malpractice, the Plaintiff is now subject to a 75 month sentence, total, and had

Defendant Polin actually filed the Motion for Reconsideration, urged by the Court, and acknowledged by Defendant Polin at sentencing, there is a high probability, that Plaintiff Myles would have received a substantially lower sentence and would not have missed the statutory deadlines (i.e., 120 days from date of sentencing).

8. Proximate to the date of October 5, 2007, The Office of Bar Counsel for the District of Columbia, 515 5th Street NW, Building A, Room 117, Washington, DC 20001, through its Deputy Bar Counsel, Elizabeth A. Herman, advised that a Disciplinary Inquiry, pursuant to the Plaintiff's request was commenced and assigned Docket Number 2007-D357. The said proceeding continues to be pending at this time.

9. In the the interim, the Plaintiff has moved the criminal sentencing court for relief under D.C. Code §23-110 (2001), however, has not received any ruling to date, and has been advised by other attorneys that were it not for the conduct of my previous attorney, Defendant Polin, I would not continue to be locked up, given the substantial amount of time that Mr. Polin has allowed to elapse, and his lack of truthfulness to the Court (i.e., telling the Court, Rigsby, J. that a Motion for Reconsideration would be filed, and that he could take hint), and his lack of truthfulness to the Plaintiff, the Plaintiff's remedies at law have substantially eroded, and will serve at least two years more than the sentence the Court was considering imposing had Defendant Polin simply done his job as he said he would to both the Plaintiff and the Court during the sentencing proceedings as indicated in the Sentencing Transcript (See Exhibit B).

10. For the foregoing reasons, the Plaintiff has been damaged by the Defendant's reckless, negligent, unethical conduct, and seeks damages in the amount of $5,000,000.00 and other relief as stated below.

-3-

IV. PRAYERS FOR RELIEF

( ATTORNEY MALPRACTICE )

COUNT ONE

11.     The Plaintiff hereby repeates and realleges each and every allegation set forth in paragraphs 1 through 11, above, as if fully set forth herein.

12.     As a result of the Plaintiff's engagement of the professional and legal services of the Defendant Polin, there existed an attorney-client relationship.

13.     The Defendant's conduct as more fully described supra, constitute a pattern of wrongful acts and omissions.

14.     The Defendant is currently the subject of an investigation by the Office of the Bar Counsel.

15.     The Defendant's conduct was negligent, reckless, and unethical, as evidenced by his conduct and lack of action since the aforementioned sentencing hearing as he has completely cut off communication  despite a renewed letter from the Court dated December 20, 2006. (A copy of the said letter is attached hereto as Exhibit C.)

16.     As a result of the foregoing, the Plaintiff has been damaged in the amount of at least $5,000,000 or such other amount to be determined at trial.

WHEREFORE, the premises considered, the Plaintiff respectfully prays for relief and judgment, against Defendant Polin, as follows:

1.     Awarding the Plaintiff compensatory and incidental damages in the amount of at least $5,000,000 or such other amount to be determined at trial against Defendant Polin;

2.     Awarding the Plaintiff actual damages of at least $5,000,000 or such  other amount to be determined at trial against Defendant Polin;

3.  Awarding the Plaintiff exemplary, punitive, and special damages to the extent of the Plaintiff's entitlement thereto under applicable laws;

4.  Appoint counsel for the Pro Se Plaintiff, who is proceeding in forma pauperis, to prosecute this action;

5.  Awarding the Plaintiff all costs and disbursements incurred in the prosecution of this act on including without limitation, all attorneys fees and expenses;

6.  Awarding the Plaintiff such other and further relief, both legal and equitable, as the Court, in its discretion, may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure the Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:_____

Respectfully submitted,
Kevin Antonio Myles, Pro Se

Kevin A. Myles
Reg. No. 18374-016
Rivers Correctional Inst.
P.O. Box 630
Winton, NC 27986
(252) 358-5200 Tel.