UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN MYLES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN POLIN )<br>)<br>Defendant ) | C.A. No. 08-117-JDB |

**DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS OR IN THE ALTERNATIVE TO DISMISS THE COMPLAINT**

Defendant, Steven Polin, hereby moves this Honorable Court to enter a judgment on the pleadings or in the alternative to dismiss the complaint pursuant to FRCP 12(b)(1) and 12(b)(6) and 12(c). The basis for this request is as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of the representation of the plaintiff's court appointed lawyer under the District of Columbia Criminal Justice Act, 11 D.C. Code § 2601, et seq.( Compl. ¶¶ 1-2  The defendant, Steven Polin, was originally appointed counsel to represent Mr. Myles, on May 28, 2004 following his arrest for possession with intent to distribute heroin and possession of cocaine in 2004-FEL-3386.  Mr. Myles was arrested a second time on March 9, 2005 for a violation of the Bail Reform Act ("BRA") in 2005-FEL-1383, and for distribution of cocaine and possession with intent to distribute cocaine in 2005-FEL-1381. *See generally,* 48 D.C. Code § 904.01 (a) and 23 D.C. Code

§ 23-1327. A plea bargain[1] was worked out to dispose of these matters in which the plaintiff pled guilty to attempt possession with intent to distribute heroin in case number 2004-FEL-3386, and to attempt distribution of cocaine and attempt possession with intent to distribute cocaine in 2005-FEL-1381.[2] Statutorily each count carries a maximum of 30 years imprisonment and/or a fine of $500,000. The Superior Court of the District of Columbia has adopted voluntary sentencing guidelines. At sentencing, the trial court stated that he was imposing the sentence pursuant to the voluntary sentencing guidelines. Based on Mr. Myles criminal history of three prior narcotics distribution offenses, his guideline range was placed at 14-30 months.[3] Mr. Myles was sentenced to 25 months on each count to run consecutive to each other for a total of 75 months imprisonment.(See Ex. A, and Ex. B, sentencing hearing transcript at pp.6-8) During the plea

---

[1] As part of the plea bargain, the government agreed to waive repeat papers, which would have been applicable in Mr. Myles case. 48 D.C. Code § 48.904.08 allows the government to file repeat papers for an offender with two or more drug felonies, which if filed, would have doubled the top number of the guidelines, which in Mr. Myles case would have meant that his guideline range was 14-60 months.

[2] The government agreed to dismiss in its entirety 2005-FEL-1383, the BRA violation, and the sole count of possession of cocaine in 2004-FEL 3386. Under the voluntary sentencing guidelines, the offense of BRA violation for someone with the plaintiff's criminal history, carries a sentence of 5-20 months. A BRA sentence must be served consecutively to any other sentence imposed or sentence being served. *See*, 23 D.C. Code §1327. The maximum possible sentence for possession of cocaine is 180 days imprisonment and/or a fine of $1,000.00

[3] The government allocuted for a lengthy period of incarceration. In its allocution, the government pointed out that Mr. Myles has a nearly 20 year history of offenses relating to drug dealing. Specifically the government pointed out to the Court that Mr. Myles had a 1993 conviction for distribution of cocaine, a 1988 conviction for possession with intent to distribute cocaine, and a 1986 conviction for possession with intent to distribute PCP. The government in asking for lengthy period of incarceration, rather than a split sentence, also highlighted Mr. Myles failure to appear in 2004-FEL-3386, and that he was dealing drugs while on fugitive status. The government did not mention the numerous arrests that Mr. Myles incurred that did not result in conviction. (Ex. B to the complaint, sentencing transcript, p. 3).

hearing, both defendant and plaintiff urged the trial court to reconsider the sentence imposed by taking the position that the counts in 2005-FEL-1381 must merge and run concurrently. Judge Rigsby explained his reasoning for imposing his sentence after Mr. Polin asked whether he took into the calculus the early plea entered by Mr. Myles.

> JUDGE RIGSBY: Well, let me tell you what the Court's going to take into consideration, Mr. Polin, now that you've asked. The number of contacts with the criminal justice system that he's had. The early plea that you've mentioned. The fact that these sentencing guidelines, although voluntary, the Court did follow the sentencing guidelines, even though they're voluntary. And that fact that he's facing 90 years in jail and a fine of $1.5 million dollars. The Court's taken all of that into consideration. Now, if you'd like to file something with the Court, a motion to reconsider, the Court will be happy to entertain that motion, Mr. Polin.

(Ex. B to the Compl., sentencing transcript at p. 8)

After hearing these additional arguments, the trial court urged counsel to file a motion for reconsideration of the sentence. In subsequent correspondence with the sentencing court, Mr. Myles posited that hypothesis that the sentences in two of the counts should merge, and that he was sentenced illegally. Mr. Myles also filed a motion with the trial court pursuant to 23 D.C. Code § 110, to vacate or correct the sentence and judgement.(Compl. at ¶ 9).

The gravamen of Mr. Myles complaint is that he has been damaged because of his absolute certainty that if a Rule 35 motion had been filed it would have been granted. It appears that the theory of the plaintiffs complaint, is that he is entitled to damages as the direct result of the negligence committed by the defendant by his failure to file a motion for correction or modification pursuant to Superior Court Criminal Rule 35. Other than the remarks made by the trial judge at sentencing in urging Mr. Polin file a motion for reconsideration of the sentence imposed (Ex B to

complaint, pp. 8-10), the plaintiff offers no proof that the motion would have been granted, other than his belief there exists a "high probability" that it would have. (Comp. ¶7).

In support of his claim for "legal malpractice" the plaintiff relies on an informal admonition issued by the Office of Bar Counsel for the District of Columbia to the defendant for his failure to communicate his legal opinion based upon his research that the sentence imposed by the trial court was legal, and that the two counts in 2005-FEL-1381 did not merge for sentencing purposes.(Compl. ¶ 8). The plaintiff claims that "he would not continue to be locked up" had Mr. Polin done his job. (Compl ¶9). He further contends that as the "result of his [Mr. Polin] lack of truthfulness to the Plaintiff, the Plaintiff's remedies at law have been substantially eroded. . ." (Compl. ¶9).

As will be demonstrated below, this action must be dismissed or that judgment be granted on the pleadings. Mr. Myles has admitted that he has not exhausted his exclusive vehicle for relief, the motion he filed pursuant to 23 D.C. Code §110 ( "23-110").

**B.    LEGAL ARGUMENT**

    **I.    THIS COURT DOES NOT HAVE JURISDICTION TO HEAR THIS COMPLAINT, AND IF IT DOES THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**

A court is obligated to dismiss a complaint if the court lacks the statutory authority to hear the complaint, *28 U.S.C. §1331,* or if the amount in controversy in a diversity case does not exceed $75,000. *See 28 U.S.C. §1332(a)*. In this matter, the Plaintiff has failed to meet both requirements.

The facts of the complaint challenge the effectiveness of the defendant's representation of the plaintiff in his failure to file a motion to reduce or correct the sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. The plaintiff's complaint can be liberally construed

to mean that he is seeking relief for ineffective assistance of counsel under *28 U.S.C. §2255*. The plaintiff's complaint can also be construed for violation of his civil rights under *42 U.S.C. § 1983*. In view of the fact that the plaintiff is a prisoner proceeding *pro se*, he is to be given the benefit of liberal construction of his complaint. Regardless of the liberality of the construction the Court may give the complaint; regardless of what theory of relief he may be seeking, he cannot meet the jurisdictional requirements of FRCP 12(b)(1), and the complaint must be dismissed for this reason alone.

Generally, in considering motions to dismiss, the Courts construe the averments of the plaintiff's complaint to be true. In considering a motion to dismiss pursuant to FRCP 12(b)(1), the court cannot presume that the plaintiff's factual allegations to be true. "On a motion to dismiss for lack of subject-matter jurisdiction pursuant to [Federal] Rule [of Civil Procedure] 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Shuler v. United States*, 448 F. Supp. 2d 13, 17 (D.D.C. 2006); *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198(D.C. Cir. 2003); *Herbert v. National Academy of Sciences,* 974 F.2d 192, 197 (D.C. Cir. 1992)(The District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone); *Pollinger v. United States*, 2008 U.S. Dist. LEXIS 22760 (D.D.C. 2008)(A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1)); *Smith v. Harvey,* 2008 U.S. Dist. LEXIS 22032 (D.D.C. 2008)

A petition pursuant to §23-110 is the sole and exclusive remedy for inmate conviction in the Superior Court for the District of Columbia seeking to vacate his sentence. To the extent that a §23-110 remedy is available, it is exclusive:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [Section 23-110] shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under [the section] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

As a prisoner with a pending claim pursuant to §23-110 in the Superior Court, Mr. Myles cannot save his federal complaint by either amending it or providing supplemental documentation to establish jurisdiction and keep it from being dismissed pursuant to FRCP 12(b)(1). The federal courts have been divested of jurisdiction to hear collateral attacks of inmates convicted in the Suprior Court. As the D.C. Circuit has emphasized, Congress' passage of *§23-110* "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a . . . remedy available to them [under the provision], unless the petitioner could show that the . . . remedy was 'inadequate or ineffective[.]'" *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998); see also *Swain v. Pressley*, 430 U.S. 372, 375 (1977) (characterizing Section 23-110 as an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court"). *Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006).

Mr. Myles is unable to demonstrate that any relief he may obtain under *§23-110* because he has not exhausted its remedies. Mr. Myles has a pending petition pursuant to *§23-110* in the Superior Court, and his only recourse is to pursue that claim in that court. His failure to actively pursue relief under *§23-110* in his attempt to collaterally attack his conviction does not rise to the level that its pursuit is "inadequate or ineffective." Nor can Mr. Myles cannot rest on the informal admonistion issued by Bar Counsel that the defendant failed to communicate with him as a means of claiming that

the remedies afforded him pursuant to §*23-110* are "inadequate or ineffective. *Anderson v. Smith*, 2005 U.S. Dist. LEXIS 17945 (D.D.C. 2005); *See, Herbin v. Hoeffel*, 1998 U.S. Dist. LEXIS 23476 (D. Va. 1998)(If plaintiff believes any attorney defendant has violated the ethical rules of that lawyer's bar, he may file a complaint with the appropriate bar association.). Since his only remedy is pursuing his claim pursuant to *§23-110*, the complaint must be dismissed because this Court does not have the jurisdiction to hear it.

Mr. Myles can create jurisdiction for this Court by claiming that his complaint is an action for violation of his civil rights pursuant to *42 U.S.C. §1983.* As court appointed counsel, Mr. Polin is neither an employee of the United States nor is he a state actor. See *Polk County v. Dodson*, 454 U.S. 312, 325(1981) ("a public defender [or appointed counsel] does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") *Simmons v. Beshouri*, 2006 U.S. Dist. LEXIS 12473 (D.D.C. 2006). As Judge Huvelle stated in *Simmons*, "The supporting facts, however, question only the effectiveness of counsels' representation, and therefore . . . does not present a federal question." *Id.*

Finally, the Court must dismiss the complaint for failure to meet the minimum statutory amount of damages of $75,000. The plaintiff has not averred any facts in his complaint which can lead a reasonable fact finder to conclude that he has been damaged in the amount of $75,000 much less the $5,000,000 he is seeking. His claim of damages is purely speculative. The plaintiff's belief that had a Rule 35 motion been filed would have been successful is also speculative. The only remedy available to the plaintiff is the *§23-110* petition currently pending in the Superior Court for the District of Columbia. Therefore, dismissal pursuant to FRCP 12(b)(6) is required..

**B      THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); see also *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). While the court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs or memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 308 U.S. App. D.C. 36, 29 F.3d 682, 688 (D.C. Cir. 1994); cf. *Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996)(when a motion to dismiss is based on the complaint, the facts alleged in the complaint control) *Am. Historical Ass'n v. Nat'l Archives & Records Admin.*, 516 F. Supp. 2d 90, 102 (D.D.C.

2007). Plaintiff's only remedies available to him are contained in *§23-110*. His claims are allegation of ineffective assistance of counsel. As such these are claims for which he cannot obtain relief in the United States District Court for the District of Columbia, and therefore must be dismissed.

## CONCLUSION

WHEREFORE, for the reasons stated above, it is requested that this motion be granted.

Respectfully submitted,

/s/    STEVEN G. POLIN

Steven G. Polin (DC # 439234)
3034 Tennyson Street, NW
Washington, D.C. 20015
202-331-5848
202-3537-2986(fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent first class mail, postage pre-paid to Kevin Myles, Registration Number 18374-016, Rivers Correctional Institution, POB 630, D-Unit, Winton, N.C. 27986 on this  1st  day of April, 2008.

/S/    Steven G. Polin

Steven G. Polin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN MYLES )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN POLIN )<br>)<br>Defendant ) | C.A. No. 08-117-JDB |

## ORDER

Upon consideration of the Defendant's Motion to Dismiss the complaint, the opposition thereto, the record herein, and good cause having been shown, it is

ORDERED this _____ day of April, 2008 that pursuant to FRCP 12(b)(1) and 12(b)(6) that the motion is GRANTED, and the complaint is dismissed with prejudice.

John D. Bates
United States District Court Judge

copies to:

Steven G. Polin
3034 Tennyson Street, NW
Washington, DC 20015

Kevin Myles
Registration Number 18374-016
Rivers Correctional Institution
POB 630
D-Unit
Winton, N.C. 27986