UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

RECEIVED

MAY 1 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KEVIN MYLES,                        )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Case No. 1:08-CV-00117-JDB
                                    )
STEVEN POLIN,                       )
                                    )
            Defendant.              )   May 12, 2008

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S

        Plaintiff, Kevin Myles ("Myles" or "Plaintiff"), hereby

files this Memorandum of Law in opposition to the Defendant,

Steven Polin ("Polin"), April 1, 2008 Motion for Judgment on the

Pleadings, Or in the Alternative, To Dismiss the Complaint pursuant

to Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 12(c)(hereinafter the "motion").

        For the reasons stated below, the Defendant's Motion must be

denied.[1]

                I.  Preliminary Statement

        This case was commenced by Mr. Myles against his former

attorney, Defendant Polin. The facts underlying this case arise

from Defendant Polin's representation of the Plaintiff in a criminal

case in the Superior Court for the District of Columbia.

        During the course of Mr. Polin's representation, he engaged in

a course of conduct that operated as a pattern of fraud and deceit

on the Plaintiff. In essence, the Defendant repeatedly lied, broke

promises, and engaged in a robbery of the Plaintiff, despite the

fact that the Defendant was already being paid under the DC

---

FN1.    The Plaintiff is simultaneously filing a Motion to Compel
        Rule 26(f) Conference, so the parties can confer and discovery
        schedule can be implemented so the Plaintiff can file an
        Amended Complaint.

Criminal Justice Act.

Recently, on January 25, 2008, the Plaintiff received the results of the Office of Bar Counsel, which issued an Informal Admonition pursuant to D.C. Bar Rule XI, §§3, 6, and 8, and stated in relevant part as follows:

> "As to K.M.'s case, you alowed your client to rely on your representation to the court that you would file a motion to reconsider his sentence. You failed to protect your client's interest in having the court review his sentence. While the merger issue was not a viable method to attack the sentence, the court clearly showed an interest in reconsidering the sentence even apart from this issue. However, you failed to file a sentence reconsideration motion and deprived your client of the right to have the court reconsider the sentence imposed."

(A copy of these results are attached hereto as <u>Exhibit A</u>.)

In essence, Defendant Polin is pursuing the same arguments in this lawsuit, which he pursued in the DC Bar Complaint, which ultimately led to his admonition.

First, the Defendant's Motion on FRCP 12(b)(1) grounds must be denied because the Plaintiff is <u>not</u> seeking any relief from his sentence from this Court. (emphasis added).  Rather, the Plaintiff is seeking damages in connection with Mr. Polin's outrageous conduct. Further, the Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1). The Defendant does not dispute that the parties are residents of different states, however, questions the amount in controversy as "speculative." (Def. Mot. at p.7). However, there has been no discovery, no development of the record, and, therefore, the Court must reject the Defendant's speculation and conjecture at this state of the litigation and deny the motion on 12(b)(1) grounds.

Next, the Defendant's motion, under the applicable standards for a motion under Rule 12(c) and 12(b)(6) must be denied because the Plaintiff has set forth a colorable claim for relief.

## ARGUMENT

I.     THIS COURT HAS SUBJECT MATTER JURISDICTION

This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), as the parties are completely diverse, and the amount in controversy is over $75,000, exclusive of interests and costs. (Compl. ¶3).

The Defendant does not dispute that the parties are diverse. (Def. Mot. at pp. 4-7). However, the Defendant erroneously concludes that the Plaintiff's Complaint as seeking relief from his sentence, or his conviction. The Plaintiff seeks no such relief in this Complaint. (emphasis added).  The Plaintiff in his Complaint seeks damages for Attorney Malpractice (Count One). And, in his amended Complaint, which will be filed upon decision by this Court on either the Defendant's Motion or the Plaintiff's Rule 26(f) Motion, the Plaintiff asserts claims of fraud, breach of contract, attorney malpractice, intentional infliction of emotional distress, and negligent infliction of emotional distress. The Plaintiff believes after the Rule 26(f) Conference, the Court will set up a discovery schedule and deadlines on amending the pleadings and dispositive motions. The Plaintiff will await further directive from this Court before filing his Amended Complaint.

-3-

A majority of the Defendant's Motion is dedicated to discussing relief that may be available to the Plaintiff pursuant to §23-110, and whether the Plaintiff is asserting jurisdiction under 42 U.S.C. §1983. (Def. Mot. pp. 4-7). The Plaintiff respectfully submits that the Defendant's arguments are without merit and are to confuse this Court.

The Plaintiff is not seeking any relief that he may be entitled to in a §23-110 proceeding in the instant action. (See generally Complaint.). Further, the Plaintiff has not claimed that this Court has federal jurisdiction under 42 U.S.C. §1983. The Plaintiff has invokved this Court's jurisdiction pursuant to 28 U.S.C. §1332(a)(1) and since the Defendant does not dispute that the parties are diverse, and only questions the amount of damages, this Court does have diversity jurisdiction. Moreover, the ultimate amount of damages that the Plaintiff may be entitled to will be up to the jury, not for the Defendant to speculate. With respect to the amount of damages, discovery -- not dismissal is required at this incredibly premature stage of the litigation.

Courts, in evaluating technical (or facial) subject matter jurisdiction attacks, ordinarily construes the Complaint liberally, accepts all uncontroverted, well-pleaded factual allegations as true, and views all reasonable inferences in Plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). See also, Valhal Corp. v. Sullivan Assocs. Inc., 48 F.3d 760 (3d Cir.1995)(observing that the threshold necessary to

-4-

withstand Rule 12(b)(1) scrutiny is lower than that necessary
to survive dismissal under Rule 12(b)(6)).

Moreover, because the Plaintiff also alleges breach of
contract, and unjust enrichment (as will be listed in his
amended complaint), the ultimate amount of the Plaintiff's
damages will be up to the trier of fact to resolve, not for
the Defendant to speculate that it is less than "$5,000,000".
Indeed, while Defendant Polin was court-appointed, he nonetheless
has no qualms of robbing the Defendant of his resorces and his
legal rights.

Since this Court has diversity jurisdiction, this Court
has subject matter jurisdiction to entertain the Plaintiff's
claims of Attorney Malpractice, breach of contract, fraud,
and emotional distress claims.

II.    THE COMPLAINT STATES A CLAIM FOR WHICH RELIEF CAN BE
       GRANTED

Defendant Polin further seeks dismissal pursuant to FRCP
12(b)(6) and 12(c). However, he reiterates the same argument:
"Plaintiff's only remedies [sic] available to him are contained
in §23-110." (Def. Mot. at p. 9).

Again, in the instant Complaint, the Plaintiff's claim is
Attorney Malpractice (Count One). He is not seeking relief from
his sentence and has a separate §23-110 proceeding that is entirely
unrelated to this action. Therefore, the Defendants arguments are
without merit.

-5-

The standard of review on a motion for judgment on the pleadings under Rule 12(c) is whether "the moving part is entitled to judgment as a matter of law." Burns Int'l Sec. Serv., Inc. v. United Plant Guard Workers of AM., 47 F.3d 14, 16 (2d Cir.1995). Under Rule 12(c), all well-pleaded facts and allegations in the non-moving party's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false. This standard is the same as that applicable to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Nat'l Ass'n of Pharm. Mfrs. v. Ayerst Lab., 850 F.2d 904, 909 n.2 (2d Cir. 1988).

Here, the instant Complaint alleges damages stemming from Attorney Malpractice. The Plaintiff was damaged because, inter alia, in addition to the compensation received by the Defendant under the Criminal Justice Act, he received resources and compensation from the Plaintiff and simply lied and broke every promise conceivable to the Plaintiff. In short, the Defendant is a conman with a license to practice law, and despite his admonition by the bar counsel has no remorse.

Further, as discussed earlier, the Plaintiff seeks to add additional causes of action (supra), and it is premature, without discovery, for this Court to dismiss the Complaint. Accordingly, since the Plaintiff is not seeking to vindicate rights he may have under §23-110 in this proceeding, and because this Court has diversity jurisdiction, the Defendant's motion must be denied.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Defendant's Motion should be denied, and the Plaintiff should be granted costs, and expenses, and leave to amend his Complaint.

Respectfully submitted,
By Plaintiff Pro Se

Kevin Myles
Pro Se
Reg. No. 18374-016
RCI
P.O. Box 630
Winton, NC 27986

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the Defendant via first-class mail, postage pre-paid, by depositing a copy of the same in the RCI legal mailbox addressed as follows, on this 13 day of May, 2008:

Steven G. Polin, Esq.
3034 Tennyson Street, NW
Washington, DC  20015

Signed under the pains and penalties of perjury this 13 day of May, 2008 pursuant to 28 U.S.C. §1746.

Kevin Myles