## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Kevin Myles,

      Plaintiff,

          v.

Steven Polin,

      Defendant.

Civil Action No.  08-0117 (JDB)

## MEMORANDUM OPINION AND ORDER

In this legal malpractice action, plaintiff, a prisoner at the Rivers Correctional Institution in Winton, North Carolina, sues his former defense attorney, Steven Polin, for failing to file a motion for reconsideration of his sentence in the Superior Court of the District of Columbia. Defendant moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings, or to dismiss the complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Upon consideration of the parties' submissions and the entire record, the Court will deny defendant's motion.

## I.  BACKGROUND

On May 28, 2004, defendant was appointed under the District of Columbia Criminal Justice Act, D.C. Code § 11-2601 *et seq*., to represent plaintiff following his arrest for drug possession.  Def.'s Mot. at 1.  In March 2005, following a plea of guilty, plaintiff was convicted of attempted possession with intent to distribute heroin, attempted distribution of cocaine, and attempted possession with intent to distribute cocaine. Compl. ¶ 5 & Ex. A.  In August 2005, he

was sentenced to consecutive terms of 25 months' imprisonment on each offense, for a total of 75 months. Compl. ¶ 6. The sentencing judge allegedly "urged counsel to file a Motion for Reconsideration 'sooner rather than later.'" *Id*. Plaintiff alleges that "[t]o date, [defendant] has not responded to any of the Plaintiff's letters inquiring as to why he did not do what the Court asked of him, and has not filed any motion [to reconsider the sentence]." *Id*.

In October 2007, plaintiff filed a complaint against defendant with the District of Columbia Office of Bar Counsel. Compl. Ex. D. Plaintiff initiated this civil action in January 2008. He contends that had defendant filed a motion for reconsideration, "there is a high probability that Plaintiff [] would have received a substantially lower sentence and would not have missed the statutory deadline[] [of 120 days]" for filing such motions. *Id*. ¶ 7. Plaintiff seeks $5 million in monetary damages.

## II. DISCUSSION

1. <u>Lack of Subject Matter Jurisdiction</u>

Defendant asserts that this Court lacks subject matter jurisdiction because (1) plaintiff failed to satisfy the statutory amount in controversy needed for diversity jurisdiction and (2) plaintiff's only recourse is to file a motion pursuant to D.C. Code § 23-110 in Superior Court.

Under the circumstances of this case, federal court jurisdiction depends on diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Defendant does not dispute that the parties are "citizens of different States." *Id*. Rather, he argues that plaintiff's claim for $5 million is "purely speculative," and that "plaintiff has not averred any facts in his complaint which can lead a reasonable fact finder to conclude that he has been damaged in the amount of $75,000 much less the $5,000,000 he is seeking." Def.'s Mot. at 7. At this early stage

of the proceedings, however, it is enough under the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure that plaintiff has pleaded a sufficient amount to come within the Court's jurisdiction. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1065 (2007) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely") (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Regarding defendant's second point, D.C. Code § 23-110 provides in relevant part as follows:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). Defendant's argument that the foregoing procedure is plaintiff's exclusive remedy, *see* Def.'s Mot. at 5-7, mistakes the complaint, which challenges counsel's performance, for a collateral attack on his sentence. Although it is true that D.C. Code §23-110 is generally the exclusive remedy for challenging a Superior Court sentence, *Byrd v. Henderson*, 119 F.3d 34, 35-37 (D.C. Cir. 1997), the District of Columbia Court of Appeals, to which this Court defers on interpretations of local law, has not foreclosed a separate action for legal malpractice.[1] *See Smith v. Public Defender Service for the District of Columbia*, 686 A.2d 210, 212 (D.C. 1996) ("[L]egal malpractice claims are not automatically barred whenever a plaintiff

---

[1]  As the highest court of the District of Columbia, the "D.C. Court of Appeals rather than this court is final expositor of local law." *Brown v. United States*, 742 F.2d 1498, 1507-8 (D.C. Cir. 1984) (citations, internal parentheses and quotation marks omitted).

has pursued unsuccessfully a claim for ineffective assistance of counsel."); *Brown v. Jonz,* 572 A.2d 455, 457 n.7 (D.C. 1990) (decision that the Sixth Amendment right to effective assistance of counsel was not violated "in no way precludes Brown from bringing a civil action based primarily on [his] allegations of Jonz's breach of contract due to negligent legal representation") (citation omitted). *See also Smith,* 686 A.2d at 212 (rejecting view of courts that equate standards for ineffective assistance of counsel with those for legal malpractice or "have barred malpractice relief unless and until the underlying criminal conviction is successfully attacked") (citing cases); *accord Williams v. Callaghan,* 938 F. Supp. 46, 49-50 (D.D.C. 1996) ("[A] judicial finding of ineffective assistance is not necessary in order to find a criminal defense attorney liable for legal malpractice.") (citation omitted).

For the foregoing reasons, the Court is satisfied that it has subject matter jurisdiction and hence denies defendant's Rule 12(b)(1) motion to dismiss.

2. <u>Failure to State a Claim</u>

Any party may move for judgment on the pleadings after the "pleadings are closed." Fed. R. Civ. P. 12(c). Here, the pleadings consist of the complaint. *See* Fed. R. Civ. P. 7(a) (designating pleadings as a complaint and an answer). Granting judgment on the pleadings is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations [in the complaint]." *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp.2d 61, 66 (D.D.C. 2001) (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "[I]f there are allegations in the complaint which, if proved, would provide a basis for recovery[,]" the Court cannot grant judgment on the pleadings. *Bradley v. Smith*, 235 F.R.D. 125, 126 (D.D.C. 2006) (internal quotation marks and citation omitted).

The standard for deciding a Rule 12(c) motion for judgment is essentially the same as that for deciding a Rule 12(b)(6) motion to dismiss. *Plain v. AT & T Corp.*, 424 F. Supp.2d 11, 20 n.11 (D.D.C. 2006). Thus, the Court must construe the complaint's allegations and supporting facts in the light most favorable to the plaintiff and must give the plaintiff every favorable inference that may be drawn from the allegations of fact, which are presumed to be true. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (*citing Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir.1994)); *Hoey v. District of Columbia*, 540 F. Supp.2d 218, 224-25 (D.D.C. 2008) (citations omitted).

Defendant bases his Rule 12(c) and Rule 12(b)(6) motion on the previously determined erroneous argument that "[p]laintiff's only remedies available to him are contained in § 23-110. His claims are allegation of ineffective assistance." Def.'s Mot. at 9. To state a claim of legal malpractice under District of Columbia law, plaintiff must allege (1) an attorney-client relationship, (2) the attorney's breach of the applicable standard of care, and (3) a legally cognizable harm. *Williams,* 938 F. Supp. at 50. Based on the complaint's allegations and inferences derived therefrom, the Court finds that plaintiff, who is proceeding *pro se*, has sufficiently stated a legal malpractice claim. Accordingly, it is

**ORDERED** that defendant's motion for judgment on the pleadings or to dismiss the complaint [Dkt. No. 12] is **DENIED**. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), defendant has ten (10) days from the filing date of this Order to file a responsive pleading and a proposed schedule to govern the proceedings.[2]

s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: July 29, 2008

---

[2] Because this action was filed by an incarcerated person proceeding *pro se*, it is exempt from the conference requirements of Local Civil Rule 16.3 and Federal Rules of Civil Procedure 16(b) and 26(f). LCvR 16.3(b)(3).