# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Kevin Myles,**<br><br>   **Plaintiff,**<br><br>         **v.**<br><br>**Steven Polin,**<br><br>   **Defendant.** | **Civil Action No.  08-0117 (JDB)** |

## MEMORANDUM OPINION

In this legal malpractice action filed *pro se*, plaintiff sues his former defense counsel

based on the latter's representation during criminal proceedings in the Superior Court of the

District of Columbia in 2004-05.  Defendant moves for summary judgment under Rule 56 of the

Federal Rules of Civil Procedure [Dkt. No. 41].  Also pending is plaintiff's subsequently filed

"motion for dispositive relief" based on his mistaken belief that defendant had not filed a

summary judgment motion [Dkt. No. 44].  Because defendant had already filed his dispositive

motion, the Court will deny plaintiff's motion as moot.  Upon consideration of the parties'

submissions and the developed record,[1] the Court finds as a matter of law that plaintiff is

collaterally estopped from litigating the legal malpractice claim and, thus, grants defendant's

motion for summary judgment.

---

[1] *See* Order of July 29, 2008 [Dkt. No. 20], denying defendant's motion to dismiss or for
judgment on the pleadings.

# I.  BACKGROUND

The following facts taken mostly from defendant's statement of material facts are not disputed.[2]  In May 2004, defendant was appointed under the Criminal Justice Act to represent plaintiff on charges of possession with intent to distribute heroin and possession of cocaine (Superior Court case number 2004-CF2-3386).  Def.'s Facts ¶ 4.  Plaintiff was released on his own recognizance and scheduled to return for a preliminary hearing on June 15, 2004.  *Id.*  After plaintiff failed to appear for the preliminary hearing, the Superior Court issued an arrest warrant; however, prior to its execution, plaintiff was arrested for distribution of cocaine and held without bond.  *Id.* ¶¶ 2-3.  Plaintiff was indicted on the distribution count as well as for possession with intent to distribute cocaine and possession of cocaine (case number 2005-CF2-1381).  *Id.* ¶ 3.  In addition, plaintiff was indicted for violating the Bail Reform Act based on his failure to appear at the earlier preliminary hearing (case number 2005-CF2-1383).  *Id.*  Defendant was appointed to represent plaintiff in the additional two cases in March 2005.  *Id.* ¶ 4.

In May 2005, plaintiff, appearing before Judge Robert R. Rigsby, pled guilty in case number 3386 to attempted possession with intent to distribute heroin and in case number 1381 to attempted distribution of cocaine and attempted possession with intent to distribute cocaine; the United States dismissed case number 1383.  *Id.* ¶ 5.  Plaintiff was sentenced on August 18, 2005, to consecutive terms of 25 months' imprisonment on each offense, for a total of 75 months.

---

[2]   Defendant's facts are properly supported by the following exhibits: Ex. 1 (Affidavit of Steven G. Polin, Esq. [Dkt. No. 41-3]); Ex. 2 (Sentencing Transcript [Dkt. No. 41-4]); Ex. 3 (Plaintiff's Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence and Judgment Pursuant to D.C. Code § 23-110 [Dkt. No. 41-5]); Ex. 4 (Order denying § 23-110 relief [Dkt. No. 41-6]); Ex. 5 (Brief of the Defendant-Appellant [Dkt. No. 41-7]); Ex. 6 (Judgment of the D.C. Court of Appeals [Dkt. No. 41-8]).

Compl. Ex. A.  In response to defendant's and plaintiff's claim that the cocaine sentences were required to run concurrently, Judge Rigsby stated that he would entertain a timely motion to reconsider.  Def.'s Facts  *Id.* ¶¶ 11-13.  "At [a] post-sentencing cellblock meeting" with plaintiff, defendant "advised [plaintiff] that he would file a Rule 35(a) motion only if his legal research supported the filing of such a motion based on the illegality of the consecutive sentences."  *Id.* ¶ 15.  Because defendant's subsequent research did not support a claim of an illegal sentence, he did not file a motion to reconsider, and the parties had not discussed a motion "seeking a discretionary reduction of modification of [the] sentence."  *Id.* ¶¶ 16-17.

On October 9, 2007, plaintiff, proceeding *pro se*, filed a motion in Superior Court to vacate, set aside or correct the sentence under D.C. Code § 23-110, claiming error in the imposition of consecutive sentences on the cocaine counts and ineffective assistance of counsel based on defendant's failure to file a motion to reconsider the sentence.  Def.'s Ex. 3.  Judge Rigsby denied plaintiff's motion on November 4, 2008, Def.'s Ex. 4, and the District of Columbia Court of Appeals affirmed that decision on March 12, 2009, Def.'s Ex. 6.  Meanwhile, plaintiff commenced this civil action on January 22, 2008, seeking $5 million in monetary damages.

## II.  DISCUSSION

Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties [or their privies] in any future lawsuit."  *Ashe v. Swenson*,  397 U.S. 436, 443-44 (1970).  In order to prevail in a legal malpractice action, plaintiff must show that "the attorney neglected a reasonable duty" of care, *Chase v. Gilbert*, 499 A.2d 1203, 1211 (D.C. 1985) (citing *Niosi v.*

*Aiello*, 69 A.2d 57, 60 (D.C. 1949)), and that the "attorney's negligence caused a legally

cognizable injury" beyond the speculative level. *Id*. at 1212 (citing *McCord v. Bailey*, 636 F.2d

606, 611 (D.C. Cir. 1980)).  In the District of Columbia, "a lawyer must exercise that degree of

reasonable care and skill expected of lawyers acting under similar circumstances." *Morrison v.*

*MacNamara*, 407 A.2d 555, 561 (D.C. 1979) (citing *Niosi, supra*).  The District of Columbia

Circuit has determined under similar circumstances that "[t]he legal standards for ineffective

assistance of counsel in [the] criminal proceedings and for legal malpractice in this action are

equivalent."  *McCord*, 636 F.2d at 609; accord *Hinton v. Rudasill*, 624 F.Supp.2d 48, 52 (D.D.C.

2009); *Bigelow v. Knight*, 737 F.Supp. 669, 671 (D.D.C. 1990).  Plaintiff therefore cannot

relitigate "issues concerning the quality of his criminal trial counsel that he raised [and had

adjudicated] in the course of the criminal proceedings," *McCord*, 636 F.2d at 611, or proceedings

collateral thereto, *id*. at 610 ("[e]stoppel is not inappropriate because a contested issue is first

raised after trial," *i.e.* in a motion for a writ of error *coram nobis*).  *See also Smith v. Public*

*Defender Service for the District of Columbia*, 686 A.2d 210, 211 (D.C. 1996) ("Smith is barred

from relitigating his claims because all of the issues of fact were litigated and determined before

Judge Kessler in the § 23-110 hearing.").

        In denying plaintiff's § 23-110 motion based on facts identical to those underlying this

action, Judge Rigsby concluded that "[t]he Defendant's convictions and sentences for Attempted

Distribution and Attempted Possession with the Intent to Distribute were permissible as the

counts arose from separate acts or transactions" and "the Defendant's constitutional right to

effective assistance of counsel was not denied either at sentencing or by his counsel's failure to

file a Rule 35 motion."  Def.'s Ex. 4 (Order at 6).  In its one-page summary affirmance, the

District of Columbia Court of Appeals cited cases for the propositions that "the failure to file a meritless motion does not constitute ineffective assistance of counsel" and that "one who sells a drug and retains a quantity of the drug for future sales has committed two crimes: distribution of the former quantity and possession with intent to distribute the latter quantity."  Def.'s Ex. 7.

Because the District of Columbia courts have previously decided the facts forming the basis of plaintiff's action here, plaintiff is collaterally estopped from litigating the already adjudicated claim anew as legal malpractice.  *See McCord*, 636 F.2d at 609 (finding "allegations . . . encompass[ing] . . . the same claims [] presented in [] coram nobis petition and [criminal appeal]" not materially different although "couche[d] . . . primarily in tort"); *Bigelow*, 737 F.Supp. at 671 (giving preclusive effect to "allegations . . . encompass[ing] in all material aspects the same claims [that were] presented in [] § 23-110 motion.").  Hence, the Court concludes that the present action is barred by collateral estoppel (or issue preclusion) and defendant is entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

s/
_____
JOHN D. BATES
United States District Judge

Dated: November 9, 2009